# RELFE *vs.* VALENTINE & CO.

[ APPEAL FROM JUDGMENT BY DEFAULT. ]

1. *Venue; what recital controls in summons.*—In an action of debt by summons and complaint, if the *venue* is correct, as stated in the margin of the summons and complaint, this will govern a different *venue* stated in the body of the summons.

2. *Summons ; what sufficient to support judgment by default.*—A summons issued by the clerk of the circuit court of *Lowndes* county, with the

county of Lowndes inserted in the margin, is sufficient to support a judgment by default, when the body of the summons recites that the defendant is required " to appear at the next term of the circuit court of Montgomery," to be held for said county at the place of holding the same.

3. *Irregularity ; for what, judgment will not be reversed on appeal.*—Such an irregularity is amendable in the court below, by striking out the words "of Montgomery." And a judgment will not be reversed for such an irregularity, if there is a sufficient complaint.—Revised Code, § 2811.

APPEAL from Circuit Court of Lowndes.
Tried before Hon. JAMES Q. SMITH.

CLEMENTS & WILLIAMSON, for appellant.—The court will judicially know that " Montgomery" means Montgomery county.—*Smith v. Robinson,* 11 Ala. .272 ; *Hargrove v. Smith,* 1 Ala. 80 ; *Richardson v. Williams,* 2 Por. 241.

2. It is said in reply to the above, that the defect in the summons is cured by the complaint. The complaint and suit are utterly inconsistent. The defendant is called to appear at the circuit court of Montgomery ; this is the mandate *of the court,* of higher authority than that disclosed by the attorneys of plaintiff in the caption of the complaint. Suppose the circuit court of Montgomery had rendered judgment, and the papers to have been returned to that court, and the appellant to have brought this appeal from that court, could not the appellee with equally as good reason say, " the complaint is amended by the summons ; you were *commanded* to appear at the circuit court for Montgomery county, and you should have been governed by that mandate, rather than by the inference you may have drawn from the statement of the attorney in the caption of his declaration"? There should be *certainty* in legal proceedings, not alone in the description of the cause of action, but in the court to which the party is required to appear. And if he is left to run the hazard of *guessing rightly* the court to which he is called on to appear, he may disregard the process, and no action of the court, to his prejudice, should be based on it. Which is to govern, the summons, or the complaint ? The defendant, when he is ordered to go to one court, and declared

against in another, might be misled, and suffer for no fault of his.

WATTS & TROY, *contra.*—1. The record shows that a writ was issued by the clerk of *Lowndes* circuit court. It is headed, " State of Alabama, Lowndes county," and then proceeds in the usual form as required by the Revised Code, (see § 2560,) until the words " circuit court," and then is inserted, " of Montgomery, to be held for *said county*," and then proceeds according to the form prescribed.

The complaint accompanying the summons, and which was served on the defendant, commences, " State of Alabama, Lowndes county : In the circuit court of said county." The names of the parties come next, and then the usual form of a complaint of an endorsee against the maker of a note.

It is assigned as error, that the body of the writ requires the defendant to appear in the circuit court of Montgomery *county.*

Now, the summons does not require the defendant to appear *in the circuit court* of Montgomery *county;* the word *county* is not in the summons, except immediately following *Lowndes county,* and then as follows, " to be held for *said county.*"

2. We contend that the summons, when properly construed, notified the defendant to appear at the next term of the circuit court to be held for Lowndes county. The terms " said county," could only refer to Lowndes county, it being the only county named before. But if there was any doubt about the matter, the complaint showed the defendant that the suit was in *Lowndes county,* and in the circuit court of *Lowndes county.*

3. The defendant was bound to know that John A. Robertson, whose name is signed to the summons, was the clerk of *Lowndes* circuit court. He was bound also to know that the clerk of Lowndes circuit court could not issue any summons to the circuit court of Montgomery county.

The defendant was bound to know the time and place

of holding the circuit court of Lowndes county, and the interpolation of the words "of Montgomery," after the word "court," could not mislead him, especially when the complaint informed him that the suit was in *Lowndes* circuit *court*.

The following cases are analogous, although one was before the Code of 1853 : See *Love v. McRae*, 12 Ala. 444 ; *Yonge v. Broxson*, 23 Ala. 688.

It is apparent that the words "of Montgomery" were left in some printed summonses by oversight, and they did not serve to mislead the defendant any more than the words "on the third Monday in October next," in the case of *Love v. McRae*.  In the latter case, the court decided that the defendant was bound to know, as the writ was issued on the 7th of January, 1847, and required the defendant to appear at "our next circuit court to be holden for said county," (the county being named at the commencement of the writ,) meant the spring term, to be held in April, and that the words, "on the third Monday in October next," did not vitiate the writ, nor could they mislead the defendant.

It matters not what may have been decided before the Code of 1853 went into operation.  Before that time, no declaration or complaint was required to be served on the defendant, and he had to look to the writ alone.  Now the summons and complaint are both required to be served, and if from both taken together the defendant can see what he is required to answer, and in what court, he can not complain.  The defendant must be held to a knowledge of what the law requires every one to know.—See *Yonge v. Broxson*, 23 Ala., *supra*.

PETERS, J.—This was an action of debt commenced in the circuit court by proceedings under the Code.  This system of pleading and practice requires the complaint to accompany the summons.  The complaint in this instance is in proper form.  But the summons is in these words :

"The State of Alabama,      To any sheriff of the State
  Lowndes county.     of Alabama — Greeting : You
are hereby commanded to summon Montgomery S. Relfe

to appear at the next term of the circuit court of Montgomery, to be held for said county, at the place of holding the same, then and there to answer the complaint of David Valentine & Co., a firm composed of David Valentine, Frederick A. Macy, and Charles C. Keeler. Witness my hand, this 18th day of March, one thousand eight hundred and sixty-eight.        JOHN A. ROBERTSON, Clerk."

This is the form of the process given in the Code, except the words "of Montgomery," in the body of the writ. This form states the venue and place of holding the court, in the margin of the summons. It is not required to be otherwise shown. This, then, must be regarded as the governing allegation as to the venue and place of holding the court, when there appears to be another place stated in the face of the summons which seems to conflict with this. If the summons and complaint, as is the case here, are right in the allegation in the margin, it is sufficient to support a judgment by default. The words "of Montgomery," in the writ, are mere surplusage. Their insertion is a mere irregularity, and they may be stricken out without injury to the force of the precept. This is such a defect as could have been amended in the court below, and it is cured by our statute of amendments.—Revised Code, §§ 2558, 2559, 2636, 2808, 2811; *Blount v. McNeill*, 29 Ala. 473; *Ala. Conference M. E. Church South v. Price, Ex'r*, 42 Ala. 39.

The judgment of the circuit court is therefore affirmed.