ALVA L. MARTIN v. EDWARD LINDSTROM.

June 28, 1898.

Nos. 11,141—(160).

Summons in Justice Court—Service of Defective Copy—Omission of Name an Irregularity.

> The statute provides that the summons in an action in justice's court shall be served "by reading the same to the defendant, and delivering a copy thereof to him, if requested." The summons was served "by reading the same to him, and delivering a copy thereof to him at his request," except that, in the copy so delivered, the name of the plaintiff was omitted from the proper blank space in such copy. *Held,* a mere irregularity, which did not render the service void.

Appeal by plaintiff from an order of the district court for Hennepin county, Tarbox, J., denying his motion for a new trial, after directing a verdict for defendant. Affirmed.

*Charles B. Holmes* and *Samuel L. Baker,* for appellant.

*Everett Moon,* for respondent.

CANTY, J.

In an action brought in justice's court for the recovery of money, the constable returned that he served the summons on the defendant "by reading the same to him and delivering a copy thereof to him at his request." The copy thus delivered to defendant was defective in this: that the name of the plaintiff therein was omitted

from the printed blank, which was in all other respects properly filled out. The defendant therein failed to appear on the return day. Judgment was entered against him. Execution was issued thereon, and levied on his property, which was sold on the execution. Thereafter he brought this action in replevin to recover possession of the property. On the trial a verdict was ordered for the defendant herein, and, from an order denying a new trial, the plaintiff herein appeals.

While such defect in the copy of the summons rendered the service of the summons irregular, in our opinion such service was not void. True, G. S. 1894, § 4966, provides that every summons issued by a justice of the peace

"Shall be entirely filled up, and have no blank either in date or otherwise, at the time of its delivery to an officer to be executed. Every such process which is issued and delivered to an officer to be executed, contrary to the provisions of this section, shall be void."

This applies to the original summons issued by the justice, not to the copy, which is usually made by the constable. True, this section may still have some bearing on the question, but it is not controlling.

Section 4967 provides that such a summons shall be served "by reading the same to the defendant, and delivering a copy thereof to him, if requested." The summons was read to the defendant in the former action. Such reading disclosed to him the name of the plaintiff, and would, under the statute, have been a sufficient service if he had not requested a copy of the summons. By reason of such request, further service was made by delivering to him the copy. In such a case there is a sort of double service. The copy informed him of the time and place where he should appear, the name of the justice, and the amount of the demand. In view of all these circumstances, we hold that the service was merely irregular, and not void.

We have not considered the question whether or not plaintiff can impeach collaterally a judgment of a justice of the peace, which appears regular and valid on its face.

The order appealed from is affirmed.