consolidation he would be entitled to $730, plus $90, making $820; the second year he would be entitled to $820, plus $90, making $910; and the third year after consolidation he would be entitled to receive $910, plus $90, making $1,000, which would be his salary for subsequent years, if he continued in the service of the department. We agree with the court below that this was the proper rule to adopt, and that the plaintiff was not entitled to any greater amount than that to which the verdict was reduced.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.

(68 App. Div. 196.)

### In re WALKER.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

CERTIORARI—BOARD OF SCHOOL EXAMINERS—JUDICIAL ACTION.

    Under Code Civ. Proc. § 2120, providing that certiorari can only issue where the right is conferred by statute, or where it can issue at common law, it will not issue to review the action of the board of examiners of the board of education created by Greater New York Charter, § 1081, making it the duty of said board to examine all applicants requiring to be licensed as teachers in the city of New York, and to issue licenses, since no right by statute exists in such cases, and, the action of the board not being judicial, the right did not exist at common law.

Appeal from special term, Kings county.

Application by Emma Walker for writ of certiorari to review the proceedings of William H. Maxwell and others as the board of examiners of the board of education of the city of New York. From an order directing the writ, said board appeals. Proceedings dismissed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William J. Carr (Luke D. Stapleton, on the brief), for appellants. Alfred E. Sander, for respondent.

GOODRICH, P. J. The appellants constitute the board of examination of the department of education of the city of New York. The relator was a teacher in one of the public schools in the borough of Brooklyn, and, being desirous of obtaining a license to teach in a higher grade, filed an application for a grade "A" license, No. 2 certificate, under which she could teach in the public schools of the city. Her application was refused by the board of examiners. She presented a petition to the supreme court, praying for a writ of certiorari to the board of examiners to bring up its proceedings in relation to her application. The board made return to the writ, setting out the reasons for its action, and denying many of the allegations of the petition, and alleging good faith in its action. At the hearing the court ordered that a writ of certiorari issue in accordance with the prayer of the petition, and the defendants appeal.

In the view which we entertain, and now proceed to state, it is unnecessary to examine the charges of unfairness in the action of

the board, alleged in the petition, or the grounds alleged for the refusal of the board to issue the license, or to pass upon the qualifications of the relator, or the somewhat vigorous charges made in the relator's brief against the parties defendant. None of these matters has any relation to the question of law involved in this proceeding. By section 2120 of the Code of Civil Procedure, the writ of certiorari can only be issued in two instances,—where the right is conferred by statute, or where it may be issued at common law, and the right has not been expressly taken away by statute. It is not contended by the relator that her right to the writ is conferred by statute, and it only remains to decide whether the writ is issuable at common law.

Section 2120 was under consideration in People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701, where a writ of certiorari was issued against the commissioner of buildings for the boroughs of Manhattan and the Bronx, commanding him to return to the office of the clerk of the county of New York all his proceedings relative to the dismissal of the relator from his position as messenger in that department. The court held that there was no statute conferring the right to issue the writ, and that the question was simply whether the writ could be issued at common law; that official acts, executive, legislative, administrative, or ministerial in their character, were never subject to review by certiorari; and that the writ could be issued only for the purpose of reviewing some judicial act. Here, therefore, as in the Kennedy Case, the only question is whether the act of the board of examiners was or was not a judicial act. In the present proceeding the learned court at special term granted the writ, relying upon and saying in the opinion that the case of People ex rel. Smith v. Hoffman, 166 N. Y. 462, 60 N. E. 187, "seems to be authority for the jurisdiction of the court to grant the writ, and upon the return it may be determined whether the proceedings of the court were proper." But the court of appeals in the Smith Case held that the military board of examination to which the writ was issued was invested, under section 64 of the Military Code (Laws 1898, c. 212; Laws 1899, c. 240; Laws 1900, c. 746), with the powers of courts of inquiry and courts-martial, with the same organization and methods of procedure, with the right to subpœna and enforce the attendance of witnesses (section 108), to issue process and mandates (section 110), to commit for disorderly conduct (section 111), and that it had the general powers of a court, with the right to investigate questions of fact relating in part to rights of property, to decide those questions upon the evidence taken, and to pronounce a judgment; that it is not clothed with arbitrary discretion to act without evidence or against law, but as a body of military officers of high rank, each sworn faithfully to try and determine according to evidence, and to administer justice according to law; that these functions are not ministerial, but are judicial, in character, and that consequently their determination might be reviewed by certiorari.

The board of examiners of the board of education of the city of New York is created by statute only, and its powers are limited to

those therein expressed. These powers are defined in section 1081 of the Greater New York charter, under the heading, "Board of Examiners; Teachers' Licenses, Etc.," which reads in part as follows: "A board of examiners is hereby constituted, whose duty it shall be to examine all applicants requiring to be licensed in and for the city of New York, and to issue to those who pass the required tests of character, scholarship and general fitness, such licenses as they are found entitled to receive." This language confers no judicial functions such as are possessed by military courts of inquiry and courts-martial. While it may be said that the board of examiners exercises discretion in granting or withholding licenses to teachers, yet it is not true that such discretion is tantamount to judicial power. The constitution of the United States suggests the meaning of "judicial power" when, in article 3, § 1, it declares that the judicial power of the United States shall be vested in the supreme court, and in such inferior courts as the congress may establish. "Judicial power" is well defined in the Century Dictionary as: "(a) The authority to determine rights of person or property, by arbitrating between adversaries in specific controversies, at the instance of a party thereto. * * * (c) A power conferred upon a public officer involving the exercise of judgment and discretion in the determination of questions of right in specific cases affecting the interests of persons or property, as distinguished from ministerial power, or authority to carry out the mandates of judicial power or of the law." These definitions are in no sense descriptive of the powers of the board of examiners of the board of education. Its power to grant licenses to teachers is purely executive, ministerial, or administrative, and not in any sense judicial.

Analogy may be had in the power of the board of police commissioners of the city of New York, acting as examiners, under the civil service law, of applicants for promotion in the police force. In People v. Roosevelt, 19 App. Div. 431, 46 N. Y. Supp. 517, it was held that the action of the commissioners cannot be reviewed by certiorari, as the method of examination, with the result reached by the board in the exercise of the judgment of its members, must necessarily rest in their discretion, and does not involve a judicial determination. If the principle contended for by the relator were to prevail, we can see no reason why it should not be applied to pupils seeking promotion from grade to grade in the public schools, to applicants for examination by the civil service commission for appointment to public office, or, in the national service, to candidates for admission to the military academy at West Point or the naval academy at Annapolis. Such a rule would occasion endless confusion and impair the public service.

We are clearly of opinion that the relator is not entitled to the writ of certiorari, and that the proceedings should be dismissed.

Writ of certiorari dismissed, without costs. All concur.