(November 25, 1907.)

# H. B. McKNIGHT, Respondent, v. SCHUYLER GRANT, Trustee, Appellant.

### [92 Pac. 989.]

Judicial Power of the State—Jurisdiction of Probate Judge—Jurisdiction of Probate Court—Publication of Summons—Order for Publication of Summons—Authority to Make Such Order—Misnomer of Plaintiff in Published Summons—Variance and Mistake in Summons as Published—Showing of Due Diligence—Nonresident Defendant.

1. Neither section 13 nor section 21 of article 5 of the constitution prohibits the legislature from authorizing and empowering a probate judge to make an order for the publication of summons in a case pending in the district court involving a sum or controversy over which the probate court has no jurisdiction.

2. Section 4145 of the Revised Statutes, which authoizes a probate or district court to make an order for the publication of summons upon showing of certain facts by affidavit, is not in conflict with the constitution on account of its authorizing a probate judge to make the order for publication in a case not pending in his court.

3. Section 13 of article 5 of the constitution which prohibits the legislature from depriving the judicial department of the state government of any power or jurisdiction that rightfully pertains to it was intended only to preserve to the judicial department of the state the right and power to finally determine controversies between parties involving their rights and upon whose claims some decision or judgment must be rendered or determination made, or rather to determine controverted questions.

4. The statement contained in a summons as to the time within which the defendant was required to appear and answer, examined and held to be a sufficient compliance with the requirements of subdivision 3 of section 4140 of the Revised Statutes.

5. Where plaintiff's true name as appeared in the summons and complaint was ''H. B. McKnight,'' and the name appeared correctly in the copy of summons and complaint mailed to the defendant, but in the summons as published the name appeared as ''H. B. Knight'': *Held,* that the mistake was not fatal to the jurisdiction and that a judgment by default entered thereon is not void on account of such mistake.

6. Where in the publication of a summons the word ''filed'' was omitted from the following sentence, ''You are hereby noti-

fied and required to appear in the above-entitled court in the above-entitled cause and answer the complaint of the plaintiff filed herein '': *Held,* that the error or omission is not such a variance as to be fatal to the jurisdiction in a case where the copy of the summons and complaint mailed to the defendant were correct.

7. Where a plaintiff makes affidavit for the publication of a summons and shows unequivocally by his affidavit that the defendant resides out of the state at the time of the making of the affidavit, and has resided out of the state for a long time prior thereto, and that he is not within the state and does not reside within the state, it is unnecessary for him to show that he has exercised any further diligence in an attempt to find the defendant within the state.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District, for the County of Nez Perce. Hon. Edgar C. Steele, Judge.

Action by plaintiff to recover from the defendant a sum·of money, and service had by publication; defendant specially appeared and moved to quash the summons, and service thereof. His motion was denied, and judgment was entered against him. Appeal from the judgment. *Affirmed.*

C. H. Lingenfelter, and W. H. Smiley, for Appellant.

Section 4145, Revised Statutes of 1887, which confers upon the probate judges of the state of Idaho the judicial power of granting an order for the service of a summons by publication, is unconstitutional and void, in so far as it affects causes which are within the exclusive constitutional jurisdiction of the district courts of the state of Idaho; and any order granted by the probate judge of the state of Idaho, for the service of a summons by publication in a cause which is within the exclusive constitutional jurisdiction of a district court of the state of Idaho, is void; and does not confer upon such district court jurisdiction over the person of the defendant for any purpose.

It will appear from a comparison of the statute of California (3 Deering's Ann. Codes and Stats. of Cal., sec. 412), with

that of Idaho, that the legislature of Idaho, in framing section 4145, Revised Statutes, has simply copied the California statute, and interpolated into the copy the words, "or a probate judge."

In granting the order, the court or judge acts judicially, and can know nothing about the facts upon which the order is to be granted, except from the affidavit presented by the applicant. (*Ricketson v. Richardson,* 26 Cal. 154; *Mills v. Smiley,* 9 Idaho, 325, 76 Pac. 783.)

A party cannot be bound by a delegated exercise of judicial power, whether the delegation be by the courts or by legislative act devolving judicial duties on ministerial officers. Proceedings in such a case would be void. (Cooley's Constitutional Limitations, 6th ed., p. 504; *Hall v. Marks,* 34 Ill. 358; *Chandler v. Nash,* 5 Mich. 409; *Winchester v. Ayres* (Iowa), 4 Greene, 104; *Wright v. Boon,* 2 Greene, 458; *Michales v. Hine* (Iowa), 3 Greene, 470; *Smith v. Frisbie,* 7 Iowa, 486.)

Acts creating courts of limited jurisdiction are construed strictly, and the powers of such courts will not be extended by implication further than is necessary for the exercise of the jurisdiction expressly conferred upon them. And if the jurisdiction is constitutional, the legislature has no power to enlarge or abridge it at all. (*Dillard v. Noel,* 2 Ark. 449; *Meyer v. Kalkman,* 6 Cal. 582; *Parsons v. Water Co.,* 5 Cal. 43, 63 Am. Dec. 76; *Commonwealth v. Allegheny County,* 37 Pa. St. 237; *State v. Northern Cent. R. Co.,* 18 Md. 193; *Heath v. Judge,* 37 Mich. 372; *Averill v. Perrott,* 74 Mich. 296, 41 N. W. 929; *Vail v. Dinning,* 44 Mo. 210; *Landers v. Staten Island R. Co.,* (N. Y.), 14 Abb. Pr., N. S., 346; *Callanan v. Judd,* 23 Wis. 343; *Connors v. Gorey,* 32 Wis. 518; *Galsworthy v. Durrant,* 8 W. R. 594; 23 Am. & Eng. Ency. of Law, 1st ed., 406, 407.)

The service of a summons by publication without an order of the court or a judge thereof directing such service, is void. (*People v. Pearson,* 76 Cal. 400, 18 Pac. 424; *Galpin v. Page,* 18 Wall. 350, 21 L. ed. 959.)

The requirement that the summons must be directed to the defendant is mandatory; and a judgment and execution upon

such summons are likewise void for want of jurisdiction of the defendants. (*Alexander v. Leland,* 1 Idaho, 425.)

The requirement that the summons must be issued under the seal of the court is also held to be mandatory; and that a judgment based upon a summons not attested by the seal of the court is void. (*Choate v. Spencer,* 13 Mont. 127, 40 Am. St. Rep. 425, 32 Pac. 651, 20 L. R. A. 424.)

The alias summons omits the last mandatory requirement of subdivision 3 of section 4140 of the Revised Statutes of Idaho of 1887, and substitutes in its place a mere invention of the respondent. As published, it fails to give the names of the parties to the action; which not only renders the service of the summons void, but also renders void all proceedings which are based thereon. (*Alexander v. Leland,* 1 Idaho, 425.) It does not state that the complaint has been filed, and, therefore, does not name the court in which the action is brought.

The affidavit is fatally defective in that it fails to state any probative facts showing the respondent had exercised due diligence in endeavoring to obtain personal service of process upon the appellant. (*Forbes v. Hyde,* 31 Cal. 342.)

A radically defective publication of a summons renders all proceedings void. (*People v. Pearson,* 76 Cal. 400, 18 Pac. 424; *People v. Mullan,* 65 Cal. 396, 4 Pac. 348; *Hyde v. Redding,* 74 Cal. 493, 16 Pac. 380; *Schissel v. Dickson,* 129 Ind. 139, 28 N. E. 540; *Little v. Currie,* 5 Nev. 90; *O'Malley v. Fricke,* 104 Wis. 280, 80 N. W. 436; 40 Am. Dig., Cent. ed., pp. 2673, 2674.)

The summons must be properly published. (*Sharp v. Daugney,* 33 Cal. 505.)

The summons must contain all that is required by statute, whether deemed needful or not. (*Ward v. Ward,* 59 Cal. 139.)

I. N. Smith, for Respondent.

The complaint was filed May 23, 1905, and a true copy of this complaint was mailed to the defendant, together with a true copy of the alias summons, and true copy of the alias summons did contain the word "filed" in it, which was omitted

only from the published copy. The copy of the complaint contained also the filing marks, or it could not have been a true copy. This being true, the omission of the word "filed" from the published copy of the alias summons could not affect a substantial right of the defendant, and, under section 4231, Revised Statutes of Idaho, the court must disregard immaterial defects. ·

As to the misnomer of the plaintiff in the original complaint, a copy of which was mailed by registered letter, the name of plaintiff is H. B. McKnight; in the original alias summons, the name of plaintiff was properly inserted, and in the copy of summons as mailed; in the published copy, the printer printed the name H. B. Knight.

The provisions of section 4146, Revised Statutes of Idaho, which in the case of a nonresident defendant, whose residence is known, require a service by publication, as well as a service by mail, in effect constitute a provision for double service.

A mere irregularity does not render the service void. (*Martin v. Lindstrom*, 73 Minn. 121, 75 N. W. 1038.)

If the ordering of a publication of summons is such a judicial act that it cannot be delegated, then no judge of any court, as such, has authority to order summons served by publication, because under section 2 the entire judicial power of the state is vested in courts, and not in judges.. (*Risser v. Hoyt*, 53 Mich. 185, 18 N. W. 611.)

Section 13, article 5, of our constitution, does not say that the legislature cannot delegate judicial functions, or judicial acts from one member of the judicial department to another member of the same department, or that the legislature is prohibited from so doing.

The legislature has the power to provide for substituted service. (*United States v. Union Pacific Ry. Co.*, 98 U. S. 569, 25 L. ed. 143.)

The contention of counsel would prevent the exercise of an act or the performance of any duty which involves the exercise of discretion, when any such act or duty or power is not done in open court.· Such a construction of laws can hardly

be sustained at this time. (*Cameron v. Parker,* 2 Okla. 277, 38 Pac. 14; *Territory v. Cox,* 6 Dak. 501.)

The statute of Idaho, in conferring upon probate judges the right to make the order for publication in cases in the district court, gives a *quasi* judicial power to a member of the judicial department of the state, and this is altogether different from conferring such power upon anyone else. (*Chandler v. Nash,* 5 Mich. 409; *Underwood v. McDuffy,* 15 Mich. 361, 93 Am. Dec. 194.)

In enacting section 4145, Revised Statutes of Idaho, the legislature did not deprive the judicial department of any power. It provided that a member of the judicial department could do a certain act. It does not confer upon probate judges the exclusive power to make these orders. It does not confer either upon probate or district judges the power to make orders exclusive of the court, and it does not contemplate a controverted or contested application, nor an adjudication which is final, because they still have the right to quash the same, or set it aside. (*In re Saline Co. Subscription,* 45 Mo. 52, 100 Am. Dec. 337.)

There are many acts requiring the exercise of judgment which may fairly be considered of a judicial nature, and yet do not in any sense come within the judicial power as applicable to courts. (*State v. McClair,* 86 Me. 522, 30 Atl. 7.)

The issuance of an order for publication may be part of the judicial process, but it is not an exercise of judicial power within the contention of counsel. (*Daniels v. People,* 6 Mich. 388; *Streeter v. Paton,* 7 Mich. 345; *Edgerton v. Hinchman,* 7 Mich. 352; *Shurbin v. Hooper,* 40 Mich. 503.)

All that the probate judge or the district judge does in ordering a publication of summons is to hear the facts and report his conclusion.

The district court passes upon the validity of the service of the summons, and not the probate court. (*Schoulz v. McFeeder,* 79 Ind. 378; *Tillotsen v. Cheatam,* 2 Johns. (N. Y.) 63.)

AILSHIE, C. J.—This is an appeal from a judgment entered on default, after service by publication. The plain-

tiff filed his complaint, and caused certain mining property belonging to the defendant to be attached. The summons was returned not served, for the reason that the defendant could not be found. An alias summons was thereafter issued and the plaintiff made and filed an affidavit for publication of summons, and presented the same to the probate judge of Nez Perce county, that being the county in which the action was commenced, praying for an order for publication of summons. The order was duly and regularly made by the probate judge on the same date, directing publication for six weeks, in the "Lewiston Tribune," and the mailing of a true copy of the complaint and summons to the defendant at his place of residence, that being Detroit, Michigan. Affidavits of mailing, and also of the publication were made and filed, and the defendant thereafter made a special appearance, and moved to quash the summons and service thereof on various and sundry grounds set out in the motion. The motion was overruled, and a bill of exceptions was prepared, settled, and filed, and the appeal was taken from the judgment entered on default.

The first question presented by appellant is that section 4145 of the Revised Statutes is unconstitutional and void in so far as it authorizes a probate judge to order publication of a summons in a case that is pending in the district court. It is first claimed that under section 13 of article 5 of the constitution, which provides that "The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightfully pertains to it as a co-ordinate department of the government," the legislature has no authority to confer upon a probate judge the power to make orders for publication of summons in any case pending in another court. Appellant also contends that such power and authority must be exercised by the "court" as distinguished from a "judge." And, again, he contends—that under section 21, of article 5, the jurisdiction of probate courts in civil matters is limited to cases wherein the debt or damage claimed does not exceed the sum of $500. It is argued that to authorize a probate judge to make an order for the publication

of summons in a case pending in the district court, involving real estate, or a large sum of money, far in excess of the probate jurisdiction, is indirectly conferring upon that court a jurisdiction not given it by the constitution. Section 4145, Revised Statutes, was in force long prior to, and at the time of, the adoption of the constitution, and at that time our probate court was constituted practically the same with very similar jurisdiction as it has been ever since the adoption of the constitution. It was also provided by the constitution (section 2, article 21), that all laws then in force within the territory "not repugnant to this constitution, shall remain in full force," etc. Primarily, the matter of the service of process is purely ministerial. It has, however, been held in this state and other states having statutes similar to our sections 4145 and 4146, providing for service by publication, that the making of an order for publication is the exercise of a judicial or *quasi* judicial function. In other words, the party seeking to make such a service must make a showing of the probative facts, and the judge to whom this showing is presented must exercise judgment and discretion in determining whether or not such facts bring the plaintiff within the purview of the requirements of section 4145, authorizing the order. It should be borne in mind, however, that the making of such an order is in no manner or respect a determination of the merits of the plaintiff's case, or any part of his case, but is merely a determination that a sufficient showing has been made to justify bringing the defendant into court in response to the plaintiff's alleged cause of action. It is not a determination in advance that a good service is going to be had upon the defendant. It should be further observed that before any judgment can be entered in the district court in such action, application must be made to the court (Rev. Stats., subd. 3, sec. 4360), and both the power and duty rests with the court in which the case is pending to first determine whether a good and valid service has been made on the defendant, which necessarily involves an examination of all the steps taken in procuring that service. The fact that the order has been made either by the probate or district judge

is not conclusive on the court when application is made to
him for judgment. We must conclude that although it re-
quires the exercise of a judicial or *quasi* judicial function in
making the order for publication, nevertheless, it is not the
exercise of a function or jurisdiction prohibited by the con-
stitution. Indeed, a careful examination of the constitution
at once discloses that it contains no language prohibiting,
either directly or indirectly, or by implication, the exercise of
such a power and such a function by a probate court or the
judge thereof. It confers a grant of certain powers in cer-
tain matters. It neither confers in specific terms nor pro-
hibits by implication the exercise of this particular and spe-
cific power. Probate judges were exercising this power when
the constitution was adopted, and it is fair and reasonable to
assume that the framers of the constitution intended that they
should continue in the exercise of such power. It is not the
exercise of a delegated judicial power for many reasons.
First, the power is still exercised by the judicial department
of the state government. It is done *ex parte,* and could
derive no greater force if done by the court, and requires no
determination of any controverted matter or question. On
the other hand, section 13, of article 5, of the constitution was
never intended to prohibit other departments of the state gov-
ernment than the judicial from exercising *some judicial or
quasi judicial functions.* We think by this provision it was
rather intended to preserve to the judicial department of the
state government the right and power to finally determine
controversies between parties involving their rights and upon
whose claims some decision or judgment must be rendered or
determination made. (23 Cyc. 1613-1623, and notes; *In re
Saline Co. Subscription,* 45 Mo. 52, 100 Am. Dec. 337; *De
Camp v. Archibald,* 50 Ohio St. 618, 40 Am. St. Rep. 692, 35
N. E. 1056; *In re Walker,* 74 N. Y. Supp. 94, 68 App. Div.
196; *State v. Le Clair,* 86 Me. 522, 30 Atl. 7; Century Dic-
tionary, "Judicial Power.") It is a matter of common
knowledge to every student of the law that in this country,
notwithstanding this constitutional provision to be found in
all the states, nevertheless, almost every executive, ministerial

and administrative officer has, in many instances, to exercise judgment and discretion of a *quasi* judicial nature, and yet the citizen or party who may deem himself aggrieved thereby still has his remedy in the courts. No one has claimed, however, that such officers may not exercise those necessary powers in the discharge of their duties. The exercise of such power is in no respect an invasion of the judicial power reserved to the courts by the constitution.

Considerable space is occupied in appellant's brief in arguing that the direction of the summons as to the time in which defendant should answer is not in conformity with the requirements of subdivision 3, of section 4140, Revised Statutes. That provision of the statute requires that the summons shall contain "A direction that the defendant appear and answer the complaint within ten days, if the summons is served within the county in which the action is brought; within twenty days, if served out of the county, but in the district in which the action is brought, and within forty days if served elsewhere." The summons in that respect required the defendant to appear and answer "within ten days after the service of the summons upon you, if served within this county and state; within twenty days after the service of this summons upon you if served within the above-entitled judicial district outside of this county and state; otherwise within forty days, if served elsewhere; in either case, exclusive of the day of service." Appellant contends that this is a departure from the statutory requirements, and leaves the time for answering in doubt, and uncertainty, and amounts to no requirement for his appearance in case he is served outside the state. It is true that the sentence is somewhat involved, and opens the way for some refinement of argument on account of the repetition of the words "this county and state." It would have undoubtedly been much better to have followed the statutory language, but, on the other hand, we are satisfied that the defendant was neither deceived nor misled by the sentence contained in this summons as to the time within which he should appear and answer. To one who is not naturally looking for defects in the summons, it would con-

vey the same notion as to the time for answering as that conveyed by the statute.

It is next objected that there is a misnomer in the alias summons as published. The plaintiff's name as appears in the complaint and summons is "H. B. McKnight," but in some way, when the summons was published, it was made to appear, "H. B. Knight." The copy of the complaint and summons, as mailed to the defendant by the clerk, appears to have been correct, but the copy as it appeared in the newspaper, left off the first two letters of the name. A mistake like this is not so material, where it occurs in the name of the plaintiff, as it would be if in the name of the defendant. The defendant ordinarily knows whether he has had any business dealings with the plaintiff or not, and whether he is indebted to him or not. If he were sued under a wrong name, he might have some doubt, however, as to whether he was the real person being sued, and in that respect might be misled into a failure to appear at all. We think, under the circumstances of this case, that the mistake was not fatal. (*Martin v. Lundstrom,* 73 Minn. 121, 75 N. W. 1038.)

In publishing the alias summons, the printers seem to have omitted the word "filed," as it appears in the following sentence of the summons: "You are hereby notified and required to appear in the above-entitled court in the above-entitled cause, to answer the complaint of the plaintiff filed herein." The sentence as published simply required him "to answer the complaint of the plaintiff herein." This was not a fatal omission or variance. A defendant has notice that under the statute of this state a summons cannot be issued until a complaint has been filed. The recital that he is required to appear and answer the complaint herein is in substance as much of a notice that a complaint has been filed as if it said, "answer the complaint filed herein." "The complaint herein" must necessarily be the complaint in the action in which the summons is issued and from which the statements in the summons are gathered as to the nature of the cause of action.

Appellant also complains of certain defects in the affidavit made by plaintiff's attorney for the order of publication. The particular complaint made by appellant against this affidavit is that it fails to show diligence on the part of the plaintiff in his endeavor to find the defendant. This affidavit is too lengthy to be set out in full in this opinion. It is worthy of note here, however, that the affidavit is unusually full and succinct and comprehensive in its statement of the steps taken and the efforts made to find the defendant. It is stated in the affidavit that the affiant, being in the city of Lewiston, talked over the 'phone with the defendant, who was then at Spokane, Washington, and that he also talked with Mr. Smiley, the defendant's attorney, and that each of them informed affiant of the place of residence of the defendant, and that the same was at Detroit, Michigan, and that the defendant never had resided in the state of Idaho, did not reside in the state of Idaho at that time, and was not within the county of Nez Perce, or state of Idaho at the time affiant was making the affidavit, and that the defendant was then residing at Detroit, Michigan. Not content with this, the affiant showed that he had caused the summons to be issued, and that it had been returned not served, for the reason that the sheriff could not find the defendant within the state, and that after inquiry he had been unable to find the defendant within the state. There can be but little reason for showing further diligence in finding a defendant, when the plaintiff discovers that he resides in a foreign state. After a plaintiff has once located the defendant, there is not much use in looking for him at any other place at the same time. (*Parsons v. Weis,* 144 Cal. 415, 77 Pac. 1007; *Anderson v. Goff,* 72 Cal. 65, 1 Am. St. Rep. 34, 13 Pac. 73; *Dunlap v. Steele,* 92 Cal. 344, 27 Am. St. Rep. 143, 28 Pac. 563, 16 L. R. A. 361.)

Numerous other minor questions have been argued by appellant at great length in connection with the different objections we have just considered, but we do not deem it necessary to take them up in further detail. We find no valid reason why the trial court should have quashed the

summons or service thereof, and no reason why the judgment should be reversed. Judgment is affirmed with costs in favor of the respondent.

Sullivan and Stewart, JJ., concur.