(September 2, 1910.)

## SNAKE RIVER VALLEY IRRIGATION DISTRICT, Plaintiff, v. JAMES M. STEVENS, Judge, Defendant.

[110 Pac. 1033.]

TORT—FORM OF SUMMONS—JURISDICTION OF COURT.

(Syllabus by the court.)·

1. An action by a land owner within an irrigation district against the district for damages on account of failure to supply water to which he was entitled is an action in tort and not on contract.

2. Where the notice contained in a summons is given under the provisions of subd. 4, sec. 4140, instead of under the provisions of subd. 5 of that section, and notifies the defendant that if it fails to appear the plaintiff "will take judgment for the sum demanded in the complaint," naming it, instead of notifying the defendant

that the "plaintiff will apply to the court for the relief demanded in the complaint," and the plaintiff applies to the court for the relief demanded instead of taking a default judgment by the clerk, the error or mistake is not fatal to the jurisdiction of the court.

Original proceeding for a writ of prohibition. Alternative writ quashed, writ denied, and action dismissed.

O. E. McCutcheon, for Petitioner.

The notice in the summons follows the fourth subdivision of sec. 4140 of the code, which relates wholly to actions arising under contract. The fifth subdivision covers all other cases, and necessarily covers this case.

The code is mandatory on this point, and this defect is fatal. (*Sawyer v. Robertson,* 11 Mont. 416, 28 Pac. 456; *Schuttler v. King,* 12 Mont. 149, 30 Pac. 25; *Smith v. Aurich,* 6 Colo. 388; *Atchison etc. R. R. Co. v. Nicholls,* 8 Colo. 188, 6 Pac. 512; *Chamberlain v. Mensing,* 47 Fed. 202; *Sidwell v. Schumacher,* 99 Ill. 433.)

As to the contention of the plaintiff in the court below that this action may be treated as on an implied contract, it has been frequently held that the authority of the clerk must be strictly construed. (23 Cyc. 758, note 20.)

"Contract," strictly construed, must mean an actual contract. An implied or *quasi* contract is not a contract. (*Inhabitants of Town of Milford v. Commonwealth,* 144 Mass. 64, 10 N. E. 516.)

An irrigation district is a public corporation. (*In re Madera Irr. Dist.,* 92 Cal. 296, 27 Am. St. 106, 28 Pac. 272, 14 L. R. A. 755.)

A public offense is not a contract. (2 Words and Phrases, p. 1527.)

John W. Jones, for Defendant.

The action pleaded in plaintiff's complaint is an action *ex contractu,* and consequently the summons is in all respects in conformity with the statutory requirements, and even if it were conceded to be erroneous in the particular specified in

the defendant's motion to quash, yet the summons having had attached to it a copy of the complaint in the action, this error affected in no wise any substantial right of the defendant, and the motion to quash was properly overruled.

The failure to deliver the requisite water to the plaintiff by the defendant irrigation district was a failure to discharge its agreement, which is solely a breach of contract. (*Rocky Ford etc. Co. v. Simpson,* 5 Colo. App. 30, 36 Pac. 638; 1 Thompson, Corp., sec. 940.)

The later and better considered decisions of the courts are uniform in holding that it is entirely immaterial whether the summons is under the fourth or fifth subdivision of the section, when a copy of the complaint is served with the summons. (*Berry v. Bingaman,* 1 S. D. 525, 47 N. W. 825; *McCoun v. New York, C. & H. R. R. Co.,* 50 N. Y. 176; *Hill v. Morgan,* 9 Ida. 718, 76 Pac. 323; *Granger v. Sheriff,* 133 Cal. 416, 65 Pac. 873; *Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158.)

AILSHIE, J.—This is an application for a writ of prohibition. The complaint alleges that the trial court is about to proceed to hear the evidence and render judgment in the case of Frank Stern, Plaintiff, vs. Snake River Valley Irrigation District, Defendant, now pending in the district court of the sixth judicial district in and for the county of Bingham. This writ is sought to restrain the judge from proceeding with the case on the ground that he has no jurisdiction to hear and determine the same.

The case of *Stern v. Snake River Valley Irrigation District* was instituted in the district court, and it was alleged in the complaint that the defendant irrigation district is a public or *quasi*-municipal corporation organized under the irrigation district law of this state, and that the plaintiff owns land situated within the district which is entitled to receive water from the district canals. The plaintiff thereupon alleged that the district wrongfully and unlawfully refused and neglected to furnish or deliver water for his land during the irrigation season of 1909, and that he accordingly suffered

loss and damage in the aggregate sum of $2,041.81, and prayed for judgment accordingly. Summons was issued in due form, with the exception that plaintiff in this court contends that instead of the notice being in conformity with the provisions of subd. 5, sec. 4140, it was made to conform with subd. 4 of that section. Sec. 4140 provides in part as follows: "The summons must be directed to the defendant, signed by the clerk, and issued under the seal of the court, and must contain: . . . . 4th. In an action arising on contract for the recovery of money or damages only, a notice that unless the defendant so appears and answers the plaintiff will take judgment for the sum demanded in the complaint; 5th. In other actions, a notice that unless defendant so appears and answers, the plaintiff will apply to the court for the relief demanded in the complaint. The name of the plaintiff's attorney, with his postoffice address or residence must be indorsed on the summons."

In this case the portion of the summons to which objection is made reads as follows: "And you are hereby notified that if you fail to appear and answer the said complaint as above required, the said plaintiff will take judgment against you for the sum of $2,040.81, with interest thereon from September 15, 1909, at seven per cent per annum, and costs of suit." This is what is ordinarily called a demand summons. Counsel for defendant made a special appearance in the district court and moved to quash and set aside the summons and service thereof on the grounds that it did not comply with the statute. The court overruled the motion and the defendant refused to appear further, and now alleges that the court threatens to proceed to hear the evidence and render judgment in the case. The irrigation district now insists that the court has no jurisdiction to further proceed and that such a summons utterly fails to confer jurisdiction.

Counsel for the defendant judge argues that this is in fact an action *ex contractu*, that the relation existing between the land owner in the irrigation district and the district itself is that of an implied contract. Counsel relies for support of this contention on the *Rocky Ford Canal, R. L. L. & T. Co.*

*v. Simpson,* 5 Colo. App. 30, 36 Pac. 638, and 1 Thompson on Corporations, sec. 940.   These authorities have reference to private corporations as distinguished from public or municipal corporations.

The liability in this case, if any liability has been incurred by the district, sounds in tort and arises by operation of law rather than out of contract.   There is no greater contractual relation existing between the person who is entitled to receive water from the canal of the district and the district itself than there is between the resident taxpayer of the county and the county as a municipal government.   It is true that it has been said by text-writers that there is an implied contractual relation arising out of the reciprocal duties and obligations in all cases of public corporations (see "Laws as Contracts," by Pliny T. Sexton, delivered at Albany Law School, June, 1910), but there is no such contractual relation as is contemplated by sec. 4140 of our code.   This was clearly an action in tort, and the summons should have been issued in conformity with the provisions of subd. 5 of sec. 4140.

The real question to be determined is: Was the error or mistake fatal to the jurisdiction of the court?   The summons should have notified the defendant that·in case it failed to appear and answer, the plaintiff would "apply to the court for the relief demanded in the complaint."   Then in case of failure to appear and answer under the provisions of sec. 4360, the clerk would have entered the defendant's default for failure to appear and answer, and thereafter the plaintiff would have applied to the court for the relief demanded and have submitted his proofs in accordance with the requirements of the statute.   It is not contended at this time that the clerk has attempted to enter a default judgment or intends to do so.   On the contrary, the petition shows "that the said district court proposes and intends to proceed in said suit against your petitioner," and that the court will proceed to final judgment in the case unless restrained by writ of prohibition.   Subds. 4 and 5 of sec. 4140 prescribe the form of notice that shall be contained in a summons in the respec-

tive classes of cases, and are in harmony with the requirements of subds. 1 and 2 of sec. 4360, providing for the entry of judgment in cases where the defendant fails to appear and answer. In the one class where the action arises out of contract, the plaintiff gives notice that if defendant fails to appear and answer he will take judgment for the amount specified, and in case of failure to answer, the clerk is authorized to enter a judgment according to the notice in the summons and prayer of the complaint. In the other class of cases, the summons notifies the defendant that if he fails to appear and answer, the plaintiff will apply to the court for the relief demanded, and subd. 2 of sec. 4360 provides that in all such cases the plaintiff shall make application to the court and submit his proofs, and he will thereupon obtain such judgment as his proofs entitle him to. Where, however, a plaintiff does in fact apply to the court in conformity with the provisions of subd. 2 of sec. 4360, we do not think the jurisdiction of the court fails simply because the summons happened to state that the plaintiff would "take judgment for the sum demanded in the complaint" instead of saying that "the plaintiff will apply to the court for the relief demanded in the complaint."

It must be remembered that this is a question not of error but of jurisdiction. We are not in this case called upon to determine whether or not it was error for the court to overrule and deny the defendant's motion to quash the summons. We do hold, however, that whatever error the court may have committed in his ruling on the motion it did not oust him of jurisdiction to proceed with the case.

A number of authorities have been called to our attention, some of which are in point while others are not applicable under our statute. In *Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158, this court held that a summons in a divorce case which contained the notice that if the defendant failed to appear and answer the plaintiff "will take judgment," etc., was not fatal to the jurisdiction although it was a case wherein the summons should have notified the defendant that the plaintiff "will apply to the court for the relief demanded

in the complaint." In support of this holding, the court cited *Clark v. Palmer,* 90 Cal. 504, 27 Pac. 375, in which it was held by the California court that a summons which notified the defendant that "plaintiff will take judgment," etc., was equivalent to a notice that "he would apply to the court for the relief demanded."

*Clark v. Palmer* has been cited, approved and followed by the supreme court of California in *People v. Dodge,* 104 Cal. 491, 38 Pac. 203. In the latter case the court pointed out the distinction between a *voidable* summons and a *void* summons, and held that an error in incorporating the proper notice in the summons, though voidable, was not void so as to oust the jurisdiction.

In *Sawyer v. Robertson,* 11 Mont. 416, 28 Pac. 456, the supreme court of Montana held that a summons in an action for tort which notified the defendant that should he fail to appear and answer, plaintiff would take judgment against him for the sum of $150 and costs of suit was not sufficient under the Montana statute, but that the notice should have been given under the other subdivision of the statute to the effect that the plaintiff would apply to the court for the relief demanded. Sec. 68 of the Montana Code of Civil Procedure, which was considered in that case, seems to be identical with the provisions of our statute as found in sec. 4140. In *Schuttler v. King,* 12 Mont. 149, 30 Pac. 25, the same court again had this statute under consideration, and held that where the summons notified the defendant that plaintiff would apply to the court for the relief demanded instead of stating that he would take judgment for the specified sum, the error was not fatal, and that the defendant might apply to the court instead of the clerk, and the court would have jurisdiction to hear his proofs and render judgment. In the latter case Justice De Witt filed a very strong dissenting opinion in which he insisted that the summons was void.

The adjudicated cases on this question are not in harmony. This, perhaps, is more largely due to the wording of the various statutes than to any other cause. In some of the cases cited it has been suggested that if a copy of the complaint

was served with the summons, that fact would aid the summons and tend to cure the defect in the notice. We utterly fail to see the force of this logic. If the defect consisted in a failure to sufficiently state the *nature* and *character* of the cause of action, then it must appear at once that service of a copy of the complaint would cure that defect, but where the defect consists in a failure to give the proper *notice* as to whether the plaintiff would take judgment as prayed for or would apply to the court for the relief demanded, we fail to see how a service of a copy of the complaint would aid or improve the summons in that respect.

As above stated, it does not seem to us that the defect in the summons under consideration goes to the jurisdiction of the court, and if the plaintiff in fact does apply to the court instead of taking a default judgment, we do not see wherein the defendant can suffer any substantial prejudice.

The alternative writ is quashed and the writ prayed for is denied, and the action will be dismissed. Costs awarded to the defendant.

Sullivan, C. J., concurs.