(No. 5958. December 27, 1932.)

CELIA MATTICE, Plaintiff, v. WM. A. BABCOCK, Judge of the District Court of the Eleventh Judicial District of the State of Idaho, Defendant.

[20 Pac. (2d) 207.]

E. M. Wolfe, for Plaintiff.

Chas. A. North, for Defendant.

BUDGE, J.—This proceeding in *mandamus* is brought by plaintiff seeking to compel defendant district judge to proceed with the trial of an action on its merits. From the petition it appears that plaintiff filed a complaint against Fred J. Walters and Chrissie M. Walters, his wife, as defendants, in the district court of Twin Falls county, to foreclose two real estate mortgages. Summons was issued by the clerk of that court. The sheriff of Twin Falls county made return thereon that he personally served the same on defendant Fred J. Walters at Twin Falls, by delivering to him personally a copy of said summons together with a copy of the complaint in said action attached thereto. The copy of the summons so served upon said defendant was in printed form with the blanks filled in, and is captioned:

"In the District Court of the Eleventh Judicial District of the State of Idaho, in and for ~~Cassia~~ Twin Falls County, Idaho," the printed word "Cassia" being stricken out by typewriting and the words "Twin Falls" being inserted in typewriting immediately above. The copy of the complaint served with and attached to the copy of the summons is captioned: "In the District Court of the Eleventh Judicial District of the State of Idaho, in and for the County of

Twin Falls.'' In the body of the copy of the summons served appears the following printed matter:

" . . . . You are hereby notified, That a complaint has been filed against you in the District Court of the Eleventh Judicial District of the State of Idaho, in and for the County of Cassia, by the above named plaintiff and you are hereby directed to appear and plead to the said complaint within twenty days of the service of this summons. . . . . ''

The copy of the summons also contains the name of the clerk issuing the original. Within the time prescribed by statute and specified in the summons within which he might appear and plead, defendant appeared specially in said action in the court in which the same was filed, and moved to quash the service of summons on the ground that the service was void and the court acquired no jurisdiction thereby. At the hearing of the motion to quash, counsel for plaintiff made a motion for leave to amend the summons served upon defendant by erasing therefrom the printed word ''Cassia'' in the body of the summons, and inserting in lieu thereof the words ''Twin Falls.'' The motion to quash was granted and the motion to amend the summons denied. Thereafter counsel for plaintiff requested the court to enter default of the defendant Fred J. Walters for failure to appear and answer and also to proceed with the trial of the cause on its merits. This the court refused to do. Thereupon petitioner filed his petition herein upon which an alternative writ of mandate was issued. Defendant district judge has filed a demurrer and motion to quash, presenting the issue that by reason of the failure to strike out the word ''Cassia'' in the body of the summons and to substitute in lieu thereof the words ''Twin Falls'' the summons was void and conferred no jurisdiction on the trial court to proceed further with the consideration of the action.

The primary purpose of summons and its service is to give notice to defendant of the pendency of an action against him so that he may have an opportunity to be heard on the claim made against him. (50 C. J. 447, sec. 17.) We are therefore called upon to determine under the facts

presented whether the summons in question, even if defective in the respects asserted, was sufficient in notify defendant Walters of the pendency of the action and in what court it was pending and to afford him an opportunity to be heard.

The caption on the copy of the summons and the copy of the complaint served upon defendant correctly informed him of the pendency of the action and the court in which such action was pending. The striking out of the printed word "Cassia" and the insertion of the typewritten words "Twin Falls" were indicative of an intention to modify the printed form. If the word "Cassia" had not been stricken out the typewritten words "Twin Falls" would control, under the familiar rule of construction that written or typewritten matter controls over printed where the same are conflicting. (13 C. J. 536, sec. 498.) The defendant was served in Twin Falls county, the county of his residence, by the sheriff of that county. His attorney filed and made the motion to quash the service of summons in the court in which the action was pending and within the time limited by the notice in the summons within which he was required to plead. The name of the clerk of the district court of Twin Falls county, who alone had authority to issue summons out of that court, appeared upon the copy of the summons, and we may infer that defendant's attorney knew that that was the name of the clerk of the district court of Twin Falls county, that being the county in which he was practicing, which knowledge was imputable to defendant. (6 C. J. 639, sec. 144.) From the copy of the complaint served it appears that the object of the action was to foreclose two mortgages upon real property situate in Owyhee and Twin Falls counties, respectively. Since C. S., sec. 6661, requires that, where mortgaged property is situate in two or more counties, the foreclosure may be brought in either, the defendant knew that foreclosure could not be had in Cassia county, but must be commenced in either Owyhee or Twin Falls county.

With all this information before him, it cannot be logically said that the defendant could have been or was deceived or misled as to the court in which the action was pending, that he suffered any prejudice or that any damage resulted by reason of the omission complained of, or that he was not given proper notice of the court in which the action was pending and of its pendency by the contents of the copy of summons and complaint above referred to. The omission complained of was not such as would render the summons absolutely void, and the service thereof conferred jurisdiction upon the court of the person of the defendant. A substantial compliance with the statute is all that is required. (*Hill v. Morgan,* 9 Ida. 718, 76 Pac. 323; *McKnight v. Grant,* 13 Ida. 629, 92 Pac. 989, 121 Am. St. 287; *Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158; *Snake River Valley Irr. Dist. v. Stevens,* 18 Ida. 541, 110 Pac. 1033, 1035.) The court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties. (C. S., sec. 6728; *Harpold v. Doyle, supra; McKnight v. Grant, supra.*) Where the summons is not absolutely void, but at most voidable, its service confers upon the court jurisdiction of the person of the defendant.

Defendant cites and relies upon *Snake River Valley Irr. Dist. v. Stevens, supra,* in support of his contention that the copy of complaint cannot be considered in determining the sufficiency of the summons. The facts in that case are different from those of the instant case. The statute in force at the time the opinion was handed down (Rev. Code, sec. 4140) provided:

"The summons must be directed to the defendant, signed by the clerk, and issued under the seal of the court and must contain: . . . . 4th. In an action arising on contract for the recovery of money or damages only, a notice that unless the defendant so appears and answers the plaintiff will take judgment for the sum demanded in the complaint;

"5th. In other actions, a notice that unless defendant so appears and answers, the plaintiff will apply to the court for the relief demanded in the complaint."

The question before the court was whether the action was one upon an implied contract or an action in tort. If an action in tort, it was contended that the summons should be quashed and that the court had no jurisdiction. The court held that while the action was one in tort and not on contract, and since the proceeding was one to prohibit the court from proceeding with the trial and that no application had been made to the clerk to enter judgment for the amount of damages set forth in the summons, in such circumstances the jurisdiction of the court would not fail simply because the summons happened to state that the plaintiff would take judgment for the sum demanded in the complaint instead of saying that the plaintiff will apply to the court for the relief demanded therein, and that whatever error the court may have committed in its ruling on the motion did not oust it of jurisdiction to proceed with the case. No other question was before the court. However, the court said:

"In some of the cases cited it has been suggested that if a copy of the complaint was served with the summons, that fact would aid the summons and tend to cure the defect in the notice. We utterly fail to see the force of this logic. If the defect consisted in a failure to sufficiently state the *nature* and *character* of the cause of action, then it must appear at once that service of a copy of the complaint would cure that defect, but where the defect consists in a failure to give the proper *notice* as to whether the plaintiff would take judgment as prayed for or would apply to the court for the relief demanded, we fail to see how a service of a copy of the complaint would aid or improve the summons in that respect."

This was clearly *dictum*. It will be observed that the language used is a limitation respecting notice solely as to the manner of obtaining judgment, and such language clearly indicates that in some circumstances the copy of the

complaint, attached to and served with the copy of the summons, may be deemed a part of the notice to defendant and should be read with the summons to explain any apparent ambiguity or omission in the latter. In the instant case the copy of the complaint may be used to aid and explain the omission or ambiguity in the body of the summons as to the court in which the action was pending. (50 C. J. 455, sec. 32; *Yates v. Blodgett,* 8 How. Pr. (N. Y.) 278; *Galveston, H. & S. A. Ry. Co. v. Coker,* (Tex. Civ. App.) 135 S. W. 179; *Williams v. Williams,* 221 Ill. 541, 77 N. E. 928; *Walker v. Hubbard,* 4 How. Pr. (N. Y.) 154; *Relfe v. Valentine & Co.,* 45 Ala. 286; *First Nat. Bank v. Rusk,* 64 Or. 35, 127 Pac. 780, 44 L. R. A., N. S., 138; on rehearing, 64 Or. 39, 129 Pac. 121, 44 L. R. A., N. S., 145, and note.)

While we are not of the view that the language last above quoted conflicts with the rule announced herein, if it be conceded that such conflict exists, we have no hesitancy in overruling the language quoted in so far as it conflicts with the views expressed herein.

It follows that the court erred in sustaining the motion to quash the service of summons and in refusing to proceed further in the action. The demurrer and motion to quash the petition are overruled and it is ordered that a peremptory writ of mandate issue requiring the trial court to vacate and set aside its order sustaining the motion to quash the service of summons on defendant Walters, and to take such further proceedings in the action as may be proper.

Lee, C. J., and Givens and Varian, JJ., concur