THE PEOPLE, on the relation of Garmo and others, *vs.* BART-
LETT and others.

The trustees of a village *holding over* beyond the term for which they were elected, will be ousted from their offices, if they have neglected to notify an election, by means of which new trustees are not chosen, although by the terms of the act of incorporation they may hold over until others are elected in their places.

Although the title of the trustees, they being officers *de facto,* could not be enquired into collaterally; in a prosecution of this kind they are bound to shew a good title.

INFORMATION *in the nature of a quo warranto.* In October term, 1829, the attorney general filed an information in the nature of a *quo warranto,* calling upon the defendants to shew by what authority they, on the first day of July, 1829, and from thence to the filing of the information, claimed to exercise the offices of *trustees of the village* of Stillwater. The defendants *pleaded,* setting forth the act of incorporation of the village in 1816, by which it is provided that five trustees shall be annually elected, the first election to be on notice to be given by a justice of the peace, who is declared the presiding officer; but all subsequent elections to be *notified by the trustees in office,* who are to preside at such elections. The election to be on the first Tuesday in May in each year, and the trustees elected to hold their offices until the first Monday of May thereafter, and until a new election shall be made, and until the trustees chosen at such election take the oath of office. The defendants then aver that they were duly elected trustees of the village, on the first Tuesday of May, 1828, (setting forth all the proceedings,) took the oath of office on the thirteenth day of May thereafter, and entered upon the duties of their office; and have continued hitherto to be trustees, and claim to hold their offices *until a new election* shall be made, and the trustees to be chosen shall have taken the oath of office. The attorney general *replied* that the trustees unjustly, and against their duty, *neglected* and *refused to notify an election* of trustees

on the first Tuesday of May, 1829, and to preside thereat. The defendants *rejoined,* (protesting that they did not wrong-fully neglect their duty,) admitting that they *omitted to notify an election* for trustees, in May, 1829, but averring that they did so inadvertently, and without any intention of fraud, and having so omitted to notify an election, they could not legally, and did not in fact, preside at an election for trustees on the first Tuesday of May, 1829 ; that they have ever since, with-in the knowledge of the trustees, claimed and exercised the offices of trustees, until a new election shall be made, pur-suant to the act of incorporation ; that the relators were cognizant at the time of the fact of their holding over, and L. L., one of the relators, conceded the right of the defend-ants to hold over for the next year, &c. To this rejoinder the attorney-general *demurred;* and assigned for special caus-es of demurrer, the following : 1. That the rejoinder admits that the defendants wrongfully, and against their duty, neg-lected to notify an election. 2. That it does not traverse or deny that fact. 3. That it attempts to put in issue *immateri-al* matters, viz. that the trustees inadvertently omitted, &c. ; that the relators were cognizant, &c. ; and that one of them conceded the right, &c. ; and *matters of law,* that they could not legally hold the election in 1829. And 4. That it is ar-gumentative, double and multifarious, &c.

*Greene C. Bronson,* (attorney-general,) for the people.

*G. W. Kirtland,* for the defendants.

*By the Court,* SAVAGE, Ch. J. In my opinion, the plea and rejoinder are both bad. The plea sets out a good title for one year, but no more. The defendants were called up-on directly to shew by what title they held and exercised the offices of trustees after May, 1829. To say that they were duly elected in 1828, is no answer, without shewing some-thing more. By the statute, the trustees hold till the first Monday of May succeeding their election, and until a new election of trustees, and until the new trustees take the oath of office. It was the duty of the defendants to have notified and held an election on the first Tuesday of May, 1829 ; and though this might have been subsequent to the expiration of

ALBANY,
Jan. 1831.

The People
v.
Bartlett.

their offices, yet the statute provides that they shall hold until the election shall be held, and the new trustees shall take the oath. It might happen that the new trustees would all decline to take the oath, and then the defendants would be legally in office for the year 1829; but the court will not presume such a state of things. It is not enough to say that there has been no election, and therefore they hold. There could be no regular election, without a previous act by the defendants, giving notice of such an election. If there was no election, the defendants are chargeable with the omission, and thus they hold by their own wrong, and the presumption is, against the wishes of the freeholders and inhabitants. In substance, therefore, the plea is defective.

The replication shews the fact that the defendants, in violation of their duty, neglected and refused to notify an election in 1829, or to preside at such election. The rejoinder, protesting against the wrong of the defendants, and their neglect of duty, admits that they *inadvertently omitted* to give notice, &c.; that is, they forgot it. Forgetfulness is no excuse for the non-performance of a public duty; particularly where those who thus forget their duty are to hold an office in consequence of such forgetfulness. The protestation does not aid them; in this suit it is an admission of the allegation protested against. The other matters set forth constitute no excuse nor justification of their omission of duty, and moreover they constitute those faults in pleading which are designated in the special causes of demurrer.

The defendants were, however, trustees *de facto,* and for certain purposes their acts are good. Their title could not be inquired into collaterally; but in this proceeding they are required to give an account to the people, and must shew a good title; not a colorable one. Their title, according to their own shewing, rests upon their own neglect. If it be admitted for one election, the defendants may be trustees for life. The plaintiffs are entitled to judgment of ouster against the defendants; not against the corporation.

Judgment for plaintiffs on demurrer, with leave to defendants to amend, on payment of costs.