THE PEOPLE, EX REL. W. W. GLIDDEN, PLAINTIFFS IN ERROR, *v.* J. H. T. GREEN ET AL., DEFENDANTS IN ERROR.

INTERVENTION—QUO WARRANTO. — The right of intervention given by statute exists only in actions which are purely civil in their character. The statutory proceeding in the nature of a *quo warranto* is *quasi* criminal in character, and in such action the right to intervene does not exist.

OFFICER—TERM OF OFFICE.—The right of an officer to hold office until his successor is elected and qualified, is as much a part of his estate in the office as the original term for which he was elected.

ERROR to the district court of the second judicial district, Ada county.

*McBride & Henley,* for the plaintiffs in error.

*Scanker & Burmester, H. E. Prickett and E. J. Curtis,* for the defendants in error.

MILLER, J., delivered the opinion of the court, BOWERS, C. J., and KELLY, J., concurring.

On the fourteenth day of January, 1868, the people, upon the relation of W. W. Glidden, by the district attorney (under section 272 of the civil practice act (Laws of Idaho, first session, p. 138), filed the complaint herein, in the court below—third judicial district, in and for the county of Ada, charging that defendant Green, "without any legal right, warrant or authority whatever," had since the sixth day of January, 1868, "held, used, and exercised" the office of county treasurer of Ada county; that Green had been elected to said office at the general election held in August, 1865, and entered upon the exercise thereof in January, 1866; that the relator was elected to said office at the election held in August, 1867, for two years, com-

mencing January, 1868, and had duly qualified, and concludes by asking judgment of ouster from said office of defendant Green, and "further judgment that the said W. W. Glidden be entitled to the said office." To this complaint, the defendant Green on the twenty-fifth day of January, 1868, filed his demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and upon the further ground of the nonjoinder of parties plaintiff. Upon the complaint and demurrer issue was joined and the case submitted, and after argument on the twenty-seventh of April, 1868, judgment was rendered sustaining the demurrer, with leave to the plaintiff to amend.

Afterwards on the fourth day of May, 1868, the people *ex rel.* Glidden, by the district attorney, filed their amended and supplemental complaint, pleading matters occurring after the filing of the original complaint, to wit, the removal of Green on the eighteenth of April, 1868, by action of the board of county commissioners for Ada county, and the appointment of Glidden to the office on the same day by said board, and his subsequent qualification under said appointment on the twenty-third day of April, 1868. After the joinder of issue on the demurrer to the original complaint and the submission of the demurrer upon argument to the judgment of the court, but before the rendition of the judgment thereon, to wit, on the twenty-fifth day of April, 1868, Thomas E. Logan filed his bill of intervention claiming that he was elected to the office of county treasurer of Ada county in August, 1866; that he had never received his certificate of election, that he had not taken the oath of office or filed the necessary bond required by law, but avers his readiness to do so, and that he was elected to hold the office for two years from January, 1867, and that Glidden claims to hold by an election held in August, 1867, for two years from January, 1868, and that no vacancy existed in said office at the time of Glidden's election which could be legally filled by election.

To the filing of this intervention, defendant Green objected, and also demurred to the same on the fifth day of

May, 1868. The court below heard the objections to the filing of the intervention and the demurrer thereto at the same time, and gave judgment on the demurrer, and dismissed the intervention on the seventh of May, 1868. Afterwards, on the fourteenth day of May, the plaintiff did through the district attorney, in "open court," withdraw his amended complaint and abandon the further prosecution of said proceeding, and thereupon judgment was entered for the defendant Green for his costs and the complaint dismissed.

The intervenor, Thomas E. Logan, now sues out a writ of error to this court for the reversal of the judgment of the court below on the demurrer of defendant to his petition of intervention. The respondent in error, Green, moves this court to quash the writ upon the grounds that the same was improperly issued, in this, that there is no writ of error allowed under the statute, that title 10 of the civil practice act is in direct conflict with title 9, Laws of Idaho, first session, pp. 140, 147, secs. 281, 312, and that the appeal is the only proper remedy. We are not prepared at present to pass upon this motion, neither is it necessary in order to fully and fairly decide the case upon its merits. There are other points upon which it must turn, no matter what view we might take of the motion to quash the writ. The points presented for our decision are:

1. Did the intervenor, Logan, have the right to intervene in the original action of *The People ex rel. Gildden* v. *Green?*

2. If Logan did have the right to intervene, does his petition of intervention show a cause of action?

Section 601, p. 204, Laws of Idaho, first session, says: "Any person shall be entitled to intervene in an action who has an interest in the matter in litigation, or in the success of either of the parties to the action, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both plaintiff and defendant."

Section 602 says: "Any third person may intervene either before or after issue has been joined." Under section 602, admitting both his right to intervene and the sufficiency of his complaint in intervention, Logan was not in time in filing his petition according to the rule laid down in *Hocker* v. *Kelly*, 14 Cal. There the petitioner filed his bill after issue joined, and as the case was in the act of trial, and the court held he was too late. Here Logan files his petition after the joinder of issue on the demurrer, and the submission of the case thereon; and the court below, under the rule laid down in *Hocker* v. *Kelly*, above cited, should not have allowed him to file his petition, but should have sustained defendant Green's objections to its being filed in the first instance.

But to the first proposition upon the record as to Logan's right to intervene: The statute uses the word "action" in speaking of the right to intervene. This means a civil action purely. Is the original proceeding a civil action in which Logan seeks to intervene? We think not. It is a *quasi* criminal proceeding instituted in the name of the people in the discretion of the district attorney upon his own information, or "upon the complaint of a private person" against a usurper of any public office or franchise, etc., for the purpose of primarily ousting him, and the judgment need not necessarily be upon the right of ·the party alleged to be entitled to the office,. but only upon the right of the defendant. This is by the express terms of the statute, section 276, civil practice act. The right to have the defendant arrested (section 275) and his being amenable to a fine in the discretion of the court (section 280) clearly stamp the character of the proceeding as one which is anything but a civil action. Originally this proceeding was purely a criminal one, being an information in the nature of a *quo warranto*, issued upon the application of the attorney-general from the king's bench, and the writ having issued, the defendant was ousted and punished; and as all offices were supposed to be in the king, the person entitled was thereupon inducted into it. (4 Cow. 100, note.) In New York under a similar statute to ours, in 22 Barb. 114, the

court refused to mandamus the attorney-general upon his refusal to file an information upon the application of a person alleging himself entitled to an office, the court holding substantially that it was not a matter of right with any person claiming an office, to have an information filed in the name of the people for the ouster of an incumbent, but that it was a matter of discretion with the attorney-general, whether a proper case was made out for the issuance of the information, holding that the word "may" must be interpreted in its literal sense, and leaving it discretionary with the attorney-general.   Can that be called a civil action, *i. e.*, the ordinary proceeding by which a right is enforced or a wrong remedied—when a party suing to enforce an alleged legal right, must get the permission of a second person to commence the action in the name of a third?   The proposition seems very plain.   If, therefore, the original proceeding be not a purely civil action, Logan has no right to intervene.   But, again, if Logan does intervene, he must claim with the plaintiff or with the defendant, or against both.   He certainly does not claim with the people, for they say by the district attorney that Glidden is entitled to the office.   He does not claim with Green, for he says Green is a usurper, and that he (Logan) is entitled to the office. He must therefore claim against both the people and Green. Now, the people alone can have judgment of ouster.   If he claims against both the people and Green, he claims against the prayer of the people, *i. e.*, the ouster of Green, and also prays at the same time the enforcement of his own right to the office, and his induction therein, which is absurd.

But admitting that the proceeding is purely a civil action, has the intervenor such an interest therein as will entitle him to intervene.   The right to intervene has been taken from the code of Louisiana, and adopted into our practice. It is not every kind of interest which will entitle a party to intervene.   The true rule is laid down by Chief Justice Field in *Haun* v. *The Volcano Water Co.*, 13 Cal. 62, and subsequently confirmed by the supreme court of California, in 18 Id. 378, 21 Id. 280.   Says the learned judge in the case

just cited: "The interest mentioned in the statute which entitled a person to intervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." Applying the rule as here laid down to the original proceeding of *The People ex rel. Glidden* v. *Green*, could the judgment in that case affect Logan's title to the office? We think not. Logan claimed by the election in 1866, Glidden by the election in 1867, and Green to hold for two years (under the election of 1865) from January, 1866, and until his successor was elected and qualified. It is difficult to see how a judgment in favor of Glidden, or of Green as against Glidden, could affect Logan's right to the office, or that he, Logan, " would either gain or lose by the direct legal operation and effect of the judgment."

But admitting the right of Logan to intervene, does his petition in intervention show a cause of action? Green, it is alleged, wrongfully withholds the office since January, 1867, but the petition directly avers that the intervenor has failed to qualify, although claiming by an election in 1866, to hold the office for two years from January 1867. Now, section 107, p. 499, Laws of Idaho, first session, says: "The county treasurer shall hold his office for the term of two years, and until his successor is chosen and qualified." The right to hold until his successor is elected and qualified is as much a part of the estate in the office as the original term of two years. (6 Wend. 422; 10 Cal. 38; 20 Id. 503.) Now, before Logan can show his right to the office, admitting his claim to be valid, he must procure the ouster of Green; before Green can be ousted, it must be shown that he wrongfully holds; to show this it must be proved not only that his successor has been elected, but that he has duly qualified—not only that he is entitled to the office, but that he is qualified to enter into the possession the moment of the defendant's ouster therefrom. The intervenor does not show himself in that condition, and the petition is in this respect fatally defective.

The judgment of the court below is affirmed.