(May 29, 1908.)

## T. RALPH PITTOCK, Respondent, v. STOREY BUCK, Administrator of the Estate of JOHN W. PITTOCK, Deceased, Respondent, and STELLA PITTOCK, Appellant.

[96 Pac. 212.]

OPENING DEFAULT—PARTY IN INTEREST—INTERVENTION—WHEN MAY BE HAD.

1. An application to open a default is addressed to the sound discretion of the trial court, and the order of the court will not be reversed on appeal unless it clearly appears that the court abused its discretion; and in determining the question of discretion, the power of the court should be freely and liberally exercised under the statute to mold and direct its proceedings, so as to dispose of cases upon their substantial merits.

2. Where a party plaintiff, in an action for a divorce and to enjoin the sale and disposition of the community property, applies to the district court, in an action then pending in said court wherein a third party is plaintiff and the defendant in the divorce proceeding is defendant, for leave to intervene in said action, and

alleges as ground that the suit is collusive and fraudulent and with-out any foundation in fact, and if allowed to proceed to judgment will result in a sale of the property attached (which is community property), and the court inquires in the presence of counsel for plaintiff as to the time required to intervene and is advised by the applicant of the time required, and the petitioner relies upon the statements made by the court, as to the time during which no fur-ther proceedings will be taken in said suit, such facts are sufficient to authorize a judgment entered by default before such time expires to be opened and set aside.

3. A wife, who is plaintiff in a proceeding for divorce, may intervene in an action brought by a third party against her husband for debt, upon showing that such latter suit is collusive and fraudulent and brought for the purpose of defeating the wife's right to her interest in the community property and subjecting to sale property attached in said suit, which otherwise will be distributed as community property in the divorce proceeding, provided said application is made within the time fixed by the statute, and it is error for the trial court to deny the application to intervene.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

An application to open a default and permit the plaintiff in a divorce proceeding to intervene and defend in an action brought by a third party against her husband, the defendant in such divorce proceeding. Order denied. *Reversed.*

Geo. W. Tannahill, for Appellant.

Appellant has a right of intervention under sec. 3177 of the Code of 1901, which is the same as that of California. (*Horn v. Volcano Water Co. etc.*, 13 Cal. 70, 73 Am. Dec. 569; *Taylor v. Adair*, 22 Iowa, 279; *Stich v. Dickinson*, 38 Cal. 608; *Brown v. Saul*, 4 Martin, N. S. (La.), 434, 16 Am. Dec. 175; *Pool v. Sanford*, 52 Tex. 621; *Del Rio Bldg. etc. Assn. v. King*, 71 Tex. 729, 12 S. W. 65; *Weston v. Weston*, 46 Wis. 130, 49 N. W. 834.)

The right of a married woman to become by intervention a party to a suit affecting her separate property has been recognized. (*Cullers v. James*, 66 Tex. 494, 1 S. W. 314;

*Gribble v. Haynes,* 22 La. Ann. 141; *Wallace v. Fenberg,* 46 Tex. 35; *United States v. Neely,* 146 Fed. 764; *Gund v. Parker,* 15 Wash. 393, 46 Pac. 408; *Stoddart v. McMahan,* 35 Tex. 267-300.)

Where intervention is permissible, any person claiming title or interest in attached property may intervene in the case. (14 Cyc. 798, and cases cited; *Picket v. Garrison,* 76 Iowa, 347, 14 Am. St. Rep. 220, 41 N. W. 38.)

Charles L. McDonald, for Respondent.

It affirmatively appears from the record that the petition in intervention filed by Stella Pittock was not presented to the court, and no application to intervene was made until after the rendition and filing of the judgment against John W. Pittock. Our statute on intervention states, "Any person may *before the trial* intervene in an action or proceeding." (Sec. 3711, C. C. P.; Pomeroy's Code Rem., 4th ed., sec. 320; *Safely v. Caldwell,* 17 Mont. 184, 52 Am. St. Rep. 693, 42 Pac. 766; *Owens v. Colgan,* 97 Cal. 454, 32 Pac. 519.)

In ordinary attachment suits third parties claiming only an interest in the property attached and not in the subject matter of the suit cannot intervene in the main action for the purpose of asserting their rights to the attached property. (*Ryan v. Goldfrank,* 58 Tex. 356; *Pool v. Sanford,* 52 Tex. 621; *Rodrigues v. Trevino,* 54 Tex. 198; *Williams v. Bailey* (Tex. App.), 29 S. W. 834; *Loving v. Edes,* 8 Iowa, 427.)

STEWART, J.—On October 2, 1907, Stella Pittock filed an action for divorce against her husband, John W. Pittock, in which action the Commercial Trust Company, a corporation, and T. Ralph Pittock were made defendants. In this action, the court issued a restraining order, restraining the defendants from in any manner selling or disposing of the real or personal property belonging to the defendant John W. Pittock, including 4,985 shares of stock in the Potvin-Pittock Company, Limited, represented by Certificate No. 2. Afterward, and while said divorce proceeding was pending, on November 20, 1907, T. Ralph Pittock, one of the defendants in

the former action, commenced an action against John W. Pittock, his codefendant, for debt, and caused an attachment to be issued and levied upon said shares of stock. On December 2d a demurrer was filed to the complaint of T. Ralph Pittock v. John W. Pittock by D. E. Hodge, and on the same day it was overruled and judgment entered and filed in said cause. On December 5th, counsel for plaintiff Stella Pittock moved the court to open and set aside the default rendered in the case of T. Ralph Pittock v. John W. Pittock, on the ground that Stella Pittock was the wife of John W. Pittock and had an interest in the community property levied upon under said writ of attachment, and on the further ground of surprise and excusable neglect. On December 7th Stella Pittock also filed a motion to intervene in said cause upon the ground that she is the wife of John W. Pittock and living separate and apart and maintaining herself, and has instituted divorce proceedings against said John W. Pittock, and procured an injunction restraining the disposition of any community property, and on the further ground that the property attached, to wit, 4985 shares of the capital stock of the Potvin-Pittock Company, Ltd., was her sole and separate property, and that said suit was collusive and not founded upon any indebtedness whatever, and brought for the sole purpose of defeating her right and interest in the community property. Both of these motions were denied by the court, and this appeal is from the order denying the same.

The motion to open the default was based upon the record in the case, and upon the affidavit of George W. Tannahill and Stella Pittock. Mr. Tannahill in his affidavit, among other things, recites that, before the judgment was rendered in the case of T. Ralph Pittock v. John W. Pittock, he appeared in court in the presence of counsel for T. Ralph Pittock and asked permission to intervene in said cause upon behalf of Stella Pittock, and that the court inquired as to the time necessary for him to file his petition in intervention and he informed the court that he would be able to intervene on Thursday, December 5th, and, as he remembered, the court stated no further action would be taken until that time; that

on the 2d day of December, 1907, a demurrer was filed in said case of *T. Ralph Pittock v. John W. Pittock* by D. E. Hodge, an attorney who had his office with and occupied the same rooms as Charles L. McDonald, the attorney for T. Ralph Pittock; that the demurrer was overruled on the same day and counsel for defendant declined to plead further, and judgment was rendered and entered upon said debt without any knowledge or notice to Stella Pittock or her counsel.

It is further shown by the affidavit of Stella Pittock that, in her opinion, the judgment was taken for the purpose of depriving her of her right to intervene, and for the purpose of subjecting the community property of herself and John W. Pittock to the payment of the claim of T. Ralph Pittock when the same had no foundation in fact, and was collusive, fraudulent and set forth for the purpose of defrauding said Stella Pittock of the community property.

The first question presented to this court is whether or not Stella Pittock made such a showing as entitled her to have the default entered against her husband John W. Pittock set aside. Rev. Stat., sec. 4229, provides among other things that a party may be relieved "from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." It clearly appears in this case that counsel for Stella Pittock appeared in the district court and asked permission to intervene in the case of *T. Ralph Pittock v. John W. Pittock* before judgment had been entered in said cause, and he alleges that, "to the best of his recollection, the court gave him until December 5th, 1907." This statement in the affidavit is not contradicted. Neither is there any showing contradicting the allegation in the plaintiff's affidavit that he relied upon the proceedings in the district court, and for that reason did not make his application to intervene prior to the time judgment was entered in said cause. It appears clearly that counsel for Stella Pittock was acting in good faith and was speedily attempting to have Stella Pittock made a party to that proceeding, and only delayed making the application upon the ground as he understood it that if it was made at any time prior to Decem-

ber 5th it would be in time. Under these facts, there could be no question about the right to have the default opened, if Stella Pittock was a party to the proceeding at the time judgment was rendered, and for the present, at least, we will consider this question as though she were a party to that proceeding.

An application to open a default is addressed to the sound legal discretion of the trial court, and the order of the court will not be reversed on appeal, unless it clearly appears that the court abused its discretion; and in determining the question of discretion, the power of the court should be freely and liberally exercised, under the statute, to mold and direct its proceedings, so as to dispose of cases upon their substantial merits. (*Holzeman v. Henneberry*, 11 Ida. 428, 83 Pac. 497; *Buell v. Emerich*, 85 Cal. 116, 24 Pac. 644; *Miller v. Carr*, 116 Cal. 378, 58 Am. St. Rep. 180, 48 Pac. 324.)

It is apparent, from this record, that the trial court was of the opinion that Stella Pittock had no right to intervene in said action, and for that reason did not take into account the application to open the default. We are satisfied that the trial court would not have permitted the default to be entered if the facts had been called to his attention as they now appear in the record, and had the court entertained the view that Stella Pittock had a right to intervene in said proceeding.

Under the authorities, as we view them, Stella Pittock presented to the court a showing which would require the setting aside of the judgment and the opening of the default, providing she was entitled to intervene at all in said action. She had gone into court and asked orally for permission to intervene; she had called the court's attention to her application to intervene in the presence of counsel for plaintiff; she had been asked by the trial court what time was required to make her application, and, as her counsel states, understood the time to be so granted. Under these facts she had a right to rely upon her understanding that no further proceeding would be taken in the action until the time fixed for the application to intervene, and we do not believe that the court would have permitted judgment to be rendered before that

date had the court been fully satisfied that she had a right
to intervene in said cause. The facts clearly bring this case
within the rule that the denial of the right to open the de-
fault was an abuse of discretion such as will warrant this
court in reversing said judgment. (*Hitchcock v. McElrath,*
69 Cal. 634, 11 Pac. 487; *Miller v. Carr,* 116 Cal. 378, 58 Am.
St. Rep. 180, 48 Pac. 324.)

The next question presented is: Did the showing made by
Stella Pittock entitle her to intervene in said cause and de-
fend said action? The petitioner Stella Pittock alleges, among
other things, that she is the wife of John W. Pittock; that
heretofore on the 23d day of October she commenced an ac-
tion for divorce against John W. Pittock, the Commercial
Trust Company and T. Ralph Pittock, and in said action
caused a restraining order to issue enjoining the defendants
from in any way selling or disposing of the real or personal
property belonging to the defendant John W. Pittock; that
among the property which the defendants were restrained
from transferring was 4,985 shares of stock in the Potvin-
Pittock Co., Ltd.; that subsequent to the filing of said com-
plaint, and on the 20th day of November, the said T. Ralph
Pittock caused an attachment to be issued out of said court
and levied upon the said 4,985 shares of stock in the Potvin-
Pittock Co. Ltd., and that the same was held under said at-
tachment at the time that this petition for intervention was
presented for filing; that T. Ralph Pittock is a brother of John
W. Pittock, and the petitioner alleges that said John W. Pit-
tock did not owe said T. Ralph Pittock one cent, and that the
action was collusive for the purpose of exhausting said shares
of stock in violation of the rights of the intervenor herein and
for the purpose of preventing the above-entitled court from
making a division of said stock or any part thereof, and for
the purpose of selling and disposing of the same at a sacrifice;
that she desires to contest the said claim of T. Ralph Pittock
against John W. Pittock, for the reason that there is nothing
due upon said claim, and that the property attached should
not be subjected to the payment of any part or parcel thereof.
Thus, it will be seen that after Stella Pittock had obtained

an injunction restraining her said husband, John W. Pittock, and T. Ralph Pittock from in any way selling or disposing of said shares of stock, the same were caused to be attached in the case of *T. Ralph Pittock v. John W. Pittock,* and thereby said injunction was in effect disregarded and nullified.

If it be true, as Mrs. Pittock alleges, that the action of *T. Ralph Pittock v. John W. Pittock* was collusive; that there was nothing due upon said pretended claim; that the same was fictitious and fraudulent, and said action was brought for the sole purpose of attaching and disposing of said shares of stock with the view of defeating the rights of said Stella Pittock to have the same set off to her in her divorce proceeding, she stated a cause for intervening and defending in said action, and the court committed error in overruling her said motion to intervene.

Rev. Stat., sec. 4111, provides: "Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both." If the default in this case be set aside, then the application to intervene is within the time fixed by the statute, and the question then arises: Does the showing presented by Stella Pittock entitle her to intervene as a party who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both? The rule, as we understand it, was announced by Justice Field in the case of *Horn v. Volcano Water Co.,* 13 Cal. 62, 73 Am. Dec. 569, which has been approved by that court in many subsequent cases, and by this court in the case of *People v. Green,* 1 Ida. 235, as follows:

"The interest mentioned in the statute, which entitled a person to intervene in a suit between other parties, must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." Applying this rule to the case under consideration, the query arises: Will the judgment obtained by T. Ralph Pittock affect the petitioner Stella Pittock? In view of the circumstances of this particular case, it may very materially affect her rights.

If T. Ralph Pittock obtained a larger judgment against John W. Pittock than the facts warranted, and the shares of stock involved are the only community property owned by John W. Pittock, and the same are subjected to the payment of said judgment, then necessarily, in a division of the community property in the action for divorce, a smaller interest, in proportion to the property taken, would fall to Stella Pittock. In other words, if John W. Pittock was not indebted to T. Ralph Pittock in any sum whatever and acquired no judgment against him, and the shares of stock were distributed in the divorce proceeding, then certainly Stella Pittock would receive more than if said shares of stock were not to be distributed at all. To that extent, at least, she has an interest in the matter in litigation. Not only that, but she claims in her action for divorce to be the absolute owner of said shares of stock, and if the judgment was rendered against John W. Pittock and the execution issued thereon and the said shares of stock sold under said judgment, her rights again would be affected by said proceeding. Again, in her divorce proceeding, the said John W. Pittock and T. Ralph Pittock were enjoined from in any way interfering with, selling or disposing of said shares of stock, and she charges that the levying of an attachment would affect her interest in said shares of stock.

The fact that Stella Pittock commenced an action for divorce and caused an injunction to issue, restraining both T. Ralph Pittock and John W. Pittock from in any way interfering with the shares of stock attached, or selling or disposing of the same, gave her such an interest in said shares of stock, even admitting that the same were not her own personal property, as to authorize her to appear in an action and defend against any claim which might result in the sale of said shares of stock. (*Mills v. Smiley,* 9 Ida. 317, 76 Pac. 783; Pomeroy's Code Remedies, 4th ed., secs. 320, 321, 324; *Weston v. Weston,* 46 Wis. 130, 49 N. W. 834.)

We think it is clear, therefore, that the showing made by Stella Pittock was sufficient to entitle her to appear in the action of T. Ralph Pittock against John W. Pittock. The showing she made to open and set aside the default was sufficient,

as it must be viewed from the standpoint of a defendant in said action, she having the right to intervene. The record in this case shows that John W. Pittock died January 19, 1908, and that steps were taken, which resulted in the appointment of Storey Buck as administrator, and that the divorce proceeding never passed to judgment, but this does not affect or control the questions raised on appeal. For these reasons, the order and judgment appealed from, denying the appellant's right to have the judgment opened and set aside, and denying her the right to intervene in said cause, is reversed, and the trial court is ordered and directed to open and set aside the default entered in the case of T. Ralph Pittock against John W. Pittock, and to permit Stella Pittock to intervene in said action as a defendant. Costs awarded to appellant.

Ailshie, C. J., and Sullivan, J., concur.

Rehearing denied.