SEALED UNIT PARTS COMPANY, INC., APPELLANT, v. ALPHA GAMMA CHAPTER OF GAMMA PHI BETA SORORITY INCORPORATED OF RENO, A NEVADA CORPORATION, RESPONDENT.

No. 13570

August 31, 1983                                      668 P.2d 288

*Cromer, Barker, Michaelson, Gillock & Rawlings,* and *Victor Alan Perry,* Reno, for Appellant.

*C. Nicholas Pereos,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a default judgment. Appellant raises a number of issues on appeal, including its contention that the lower court erred in refusing to set aside an entry of default. We agree.

On April 14, 1978, a fire damaged respondent's sorority house in Reno. The cause of the fire was allegedly traced to a defective drip-evaporation pan attached to the refrigerator in the house.

The sorority filed suit against various parties including appellant Sealed Unit Parts Company (SUPCO), the alleged supplier of the pan. The sorority later amended its complaint to include Standard-Keil Manufacturing Company (Standard-Keil), the alleged manufacturer of the part, as a party to the action.

On October 15, 1980, when SUPCO had failed to respond to the complaint, the clerk of the lower court entered a default. It is uncontested that SUPCO did not learn of the entry of the default until early January of 1981. It authorized counsel for Standard-Keil to move to set aside the entry of default. This motion was filed on January 23, 1981. The motion was denied and upon application by respondent a default judgment in the amount of $149,088 was entered. SUPCO appeals from the judgment, and challenges the denial of its motion to set aside the entry of default.

NRCP 55(c) authorizes a court to set aside an entry of default upon good cause shown. This court has generally required a party moving to set aside an entry of default to make a showing similar to that necessary to vacate a default judgment pursuant to NRCP 60(b). *See* Tahoe Village Realty v. DeSmet, 95 Nev. 131, 590 P.2d 1158 (1979); Intermountain Lumber v. Glens Falls, 83 Nev. 126, 424 P.2d 884 (1967). The "good cause" standard, however, may be broader than the standard which must be met pursuant to NRCP 60(b) to vacate a default judgment. Intermountain Lumber v. Glens Falls, *supra.*

A lower court's decision in response to a motion to set aside an entry of default will not be disturbed in the absence of an abuse of discretion. Tahoe Village Realty v. DeSmet, *supra;* Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968). This court has, however, set forth certain guides which should be considered by the lower courts in exercising their discretion. First, the moving party must show some excuse for its failure to answer or otherwise defend; second, there must be a showing that a meritorious defense exists to the claim for relief; and third, the lower court should recognize that the basic underlying policy is to have each case decided on its merits. *See* Tahoe Village Realty v. DeSmet, *supra;* Lentz v. Boles, *supra;* Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963).

In the present case SUPCO, by affidavit, stated that it believed its co-defendant Standard-Keil would be assuming the defense on SUPCO's behalf. A similar understanding has previously been accepted by this court as establishing grounds for vacating a default judgment. *See* Banks v. Heater, 95 Nev. 610, 600 P.2d 245 (1979). It is true that there was some delay between entry of the default and the motion to set it aside, and that the delay was a relevant factor to be considered in determining whether to set aside a default. *See* Union Petrochemical Corp. v. Scott, 96 Nev. 337, 609 P.2d 323 (1980). SUPCO, however, did not learn of the default until January and promptly took steps thereafter to set aside the default. There is no indication that SUPCO sought to delay the proceedings below.

SUPCO accompanied its motion to set aside the default with a proposed answer. The answer set forth a number of defenses which, if true, would establish a defense to the complaint. This satisfies the requirement that a party allege the existence of a meritorious defense. Jenkins v. Goldwater, 84 Nev. 422, 442 P.2d (1968). *See* Ogle v. Miller, 87 Nev. 573, 491 P.2d 40 (1971).

Finally, the court's decision below prevented the merits of SUPCO's defense from being heard. In light of the fact that SUPCO tendered a meritorious defense and established grounds excusing its failure to plead or otherwise defend, we conclude that the lower court abused its discretion in refusing to set aside the entry of default.

The default judgment is reversed and this case is remanded for further proceedings.