854 P.2d 274

Elizabeth McFARLAND, an unmarried woman; William C. Walters, a married man; Robert M. Shields and Margaret M. Shields, husband and wife; David Norton and Brenda Norton, husband and wife; William S. Owens and Kathleen J. Owens, as trustees of the William S. and Kathleen J. Owens Family Revocable Trust; Curtis M. Webster, a single man and Lisette S. Edmond, a married woman, Plaintiffs–Respondents,

v.

Carl CURTIS, Defendant–Appellant,

and

Lam Enterprises, a partnership; Larry E. Levy, a married man; John E. Alskog, Jr.; Walter L. Cherry, Jr., and Lisa Cherry, husband and wife; Catherine Cherry Moore, a married woman; and Patrick W. Madden, a single man, dba Cherry–Madden Partnership; K.I.C., Inc., a Washington corporation; Michael Madden, attorney-in-fact for Patrick W. Madden; R.C.S. Designs; Does I–X, and all other persons unknown, claiming any right, title, estate, lien, or interest in the following described real property adverse to plaintiffs' ownership, or any cloud on plaintiffs' title thereto; a parcel of land lying within the common area of Trail Creek Condominiums, according to the official plat thereof recorded as Instrument No. 199464, more particularly described as follows: Commencing at the Southeast corner of said Trail Creek Condominiums; thence along a curve to the right 144.67 feet with a radius of 283.20 feet and a central angle of 29 degrees 16′10″ and a long chord of 143.11 feet bearing N. 06 degrees 51′51″ E., thence N. 21 degrees 30′00″ E. 14.00 feet to the true point of beginning; thence continuing N. 21 degrees 30′00″ E. 75.42 feet; thence along a curve to the left 47.12 feet with a radius of 30.00 feet and a central angle of 90 degrees 00′00″ and a long chord of 42.43 feet bearing N. 23 degrees 30′00″ W.; thence N. 68 degrees 30′00″ W. 10.78 feet; thence along a

curve to the right 80.60 feet with a radius of 330.00 feet, and a central angle of 13 degrees 59′30″ and a long chord of 80.40 feet bearing N. 61 degrees 30′11″ W; thence S. 11 degrees 53′31″ W. 41.46 feet; thence S. 66 degrees 19′20″ W. 75.43 feet; thence S. 05 degrees 57′50″ E. 111.32 feet; thence 140.00 feet along a curve to the right with a radius of 235.5 feet and a central angle of 34 degrees 00′00″ and a long chord of 138.5 feet bearing N. 13 degrees 25′00″ E. to the true point of beginning, Defendants.

No. 19770.

Court of Appeals of Idaho.

May 25, 1993.

Raymundo G. Pena, argued, Rupert, for defendant-appellant.

Hawley, Troxell, Ennis & Hawley of Ketchum, for plaintiffs-respondents. Carol L. Shephard, argued.

SWANSTROM, Judge.

This case arose from the filing of a quiet title action by Elizabeth McFarland and other plaintiffs (McFarland) against Carl Curtis regarding property located in Blaine County. Curtis did not file a timely answer, and McFarland gave notice of intent to take default. Default was entered, and Curtis filed a motion to set aside the de-

fault, which was denied. A default judgment was entered December 13, 1991. Curtis appeals contending that the court erred in failing to grant his motion to set aside the default. We affirm.

The facts giving rise to this action involve the exchange of several deeds concerning land upon which Trail Creek Condominiums are located. Curtis executed two different warranty deeds, one in 1978 and one in 1979, conveying real property in Blaine County to a partnership known as LAM Enterprises. McFarland's complaint alleges that the second deed involved Lot 12 of the Leadville Subdivision, however, the property description is given in metes and bounds. Later in 1979, LAM gave a statutory warranty deed for a parcel described as Lot 12 of the Leadville Subdivision to another partnership, Cherry–Madden. The complaint further alleges that in the latter part of 1979, Cherry–Madden filed a Condominium Declarations, and later an Amended Master Condominium Declarations, for the Trail Creek Owners' Association. McFarland also alleges that at varying dates in 1980, Cherry–Madden conveyed units one through six of Trail Creek Condominiums to predecessors of plaintiffs (McFarland). In early 1981, Cherry–Madden and LAM gave a warranty deed to Curtis covering the north one-half of Lot 12 of the Leadville Subdivision. Later in 1981, Cherry–Madden and LAM gave a warranty deed to Curtis covering the same parcel with an attached metes and bounds description. McFarland alleged that these two deeds regarding the north one-half of Lot 12 of the Leadville Subdivision clouded the title on the condominium units; therefore, McFarland filed the complaint to quiet title and to cancel and expunge the deeds.

The procedural background is as follows. Curtis was served with the summons and complaint on May 8, 1991. After Curtis failed to answer the complaint, McFarland served Curtis with a notice of intent to take default, to which Curtis did not respond. McFarland then applied for entry of default against Curtis and his default was entered on June 27, 1991. I.R.C.P. 55(a)(1). Curtis filed an affidavit stating that he had spoken with an attorney, other than the attorney of record, from the firm representing McFarland before default was entered, and that the attorney had "conveyed" to Curtis that default would not be taken until Curtis had retained counsel. However, also in a sworn affidavit, the attorney to whom Curtis attributed the assurance, denied having made such a statement.

On September 11, 1991, Curtis filed a motion to set aside the default. McFarland filed a motion for default judgment on September 27. A hearing on both motions was held December 6, 1991. The district court denied Curtis' motion to set aside default and granted McFarland's motion for default judgment; a default judgment was filed on December 13, 1991. Curtis appeals contending that the court erred by denying his motion to set aside default. Both parties request attorney fees on appeal.

■ A court's denial of a motion to set aside an entry of default will not be reversed on appeal unless an abuse of discretion clearly appears. *Pittock v. Pittock*, 15 Idaho 47, 96 P. 212 (1908); *see Hearst Corp. v. Keller*, 100 Idaho 10, 592 P.2d 66 (1979) (motion to set aside default judgment). Where the trial court makes factual findings that are not clearly erroneous, applies correct criteria pursuant to I.R.C.P. 55(c) to those facts, and makes a logical conclusion, the court will have acted within its discretion. *See Shelton v. Diamond International Corp.*, 108 Idaho 935, 938, 703 P.2d 699, 702 (1985) (quoting *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 658 P.2d 992 (Ct.App.1983) (applying Rule 60(b) to default judgment case)).

In resolving Curtis' motion to set aside the default, the district court ruled that it need not decide whether "reasonable grounds" existed to support setting the default aside. Therefore, the court declined to choose between conflicting affidavits as to whether an attorney from the firm who represented McFarland had informed Curtis that default would not be taken until he had obtained counsel. Rather, the court based its decision to deny the motion upon the ground that Curtis had

failed to allege a meritorious defense to the action.

As the district court noted, no Idaho case requires a movant to demonstrate a meritorious defense in order to set aside a default. The court determined, however, that logic required it to apply the meritorious defense requirement in the case at bar given the judicially imposed requirement of showing a meritorious defense when moving to set aside a default judgment.[1] Based solely upon Curtis' allegations, the court concluded that no meritorious defense had been shown.

Curtis first contends that the district court erred by requiring him to show a meritorious defense. Second, Curtis contends that the court erred in concluding that he had failed to demonstrate a meritorious defense. Should Curtis prevail upon either of his above contentions, he further asserts that the court should have reached the conclusion that he had shown "good cause" under Rule 55(c) to set the default aside.

■ Neither party has cited binding authority on the issue of whether a party who moves to set aside an entry of default must show or allege facts constituting a defense. It is clear that Idaho case law requires a party seeking to set aside a default judgment to show a meritorious defense. *See ante* at note 1. The reason for the requirement in default judgment cases is that, "[i]t would be an idle exercise for the court to set aside a default [judgment] if there is in fact no real justiciable controversy." *Hearst Corp. v. Keller,* 100 Idaho at 12, 592 P.2d at 68. The reasoning in *Hearst* applies to cases where the moving party seeks to set aside the order of default as well; therefore, parties moving to set aside the entry of default must also allege facts

which would constitute a defense to the action. This conclusion is supported by the application of this rule in other jurisdictions as well. *See DeHoney v. Hernandez,* 122 Ariz. 367, 595 P.2d 159 (1979); *Cribb v. Matlock Communications, Inc.,* 236 Mont. 27, 768 P.2d 337 (1989); *Sealed Unit Parts Co. v. Alpha Gamma Chapter,* 99 Nev. 641, 668 P.2d 288 (1983); 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2697 (1983).

Having concluded that Curtis must allege facts which, if true, would amount to a defense, we turn to Curtis' contention that the court erred in concluding that he had failed to allege a meritorious defense. Curtis' defense theory is that he held a security interest in the Trail Creek Condominiums property, namely in the north one-half of Lot 12, Leadville Subdivision, as beneficiary in a deed of trust dated December 15, 1978, and that McFarland failed to obtain his signed consent to the condominium declarations. Curtis relies on I.C. § 55–1504 which provides that "the requirements" of the Condominium Property Act (I.C. §§ 55–1501 to –1527) do not apply unless a recorded condominium declaration or plat contains "(iii) a certificate consenting to the recordation of such documents pursuant to this act, executed and acknowledged by the record owner and the holder of any *recorded* security interest in such property." (Emphasis added.) Curtis asserted that unless the requirements of I.C. § 55–1504 were met, the Amended Master Condominium Declarations is voidable.[2]

The court considered the December 21, 1979, recordation date of the Amended Master Condominium Declarations and implicitly held that Curtis did not hold a recorded security interest at that time. The record before the court reflected that the

1. *See Hearst Corp. v. Keller, supra* (party moving to set aside default judgment must prove facts which, if established would constitute a defense to the action). The facts supporting the defense must be detailed. *Id.,* (citing *Thomas v. Stevens,* 78 Idaho 266, 300 P.2d 811 (1956)).

2. As noted earlier, Curtis also alleged in his proposed answer to McFarland's complaint that he owned an interest in the north one-half of Lot 12 by reason of two warranty deeds he

received and recorded in 1981 from Cherry–Madden and LAM. However, as the district court noted, these deeds purported to convey property to Curtis in 1981 which the grantors had already conveyed to McFarland's predecessors-in-interest in 1979. Because these deeds had the effect of clouding the plaintiffs' title to the property, the court's judgment quieting title in the plaintiffs also cancelled and expunged the deeds.

deed of trust relied upon by Curtis for his interest in Lot 12 was not recorded until December 31, 1979. We conclude that the court's finding, that Curtis was not a lienholder of record and thus his signature was not required upon the Amended Master Condominium Declarations, is not clearly erroneous. Further the court's application of the meritorious defense requirement and decision not to first examine the grounds for default were proper. The court did not err by concluding that Curtis failed to assert a meritorious defense.

■ It appears that there is at least the potential for, if not actual, confusion regarding the possibility that different standards apply in determinations to set aside either the entry of default or a default judgment. Curtis implicitly argues that, although the court did not decide the issue, it erred because it contemplated applying a more burdensome requirement than the I.R.C.P. 55(c) "good cause" showing. Although it is not necessary to our decision in this case, we will address the issue.

Other than Rule 55(c), Curtis has not cited authority for the proposition that the standards to decide a motion to set aside a default are more lenient than those for a motion to set aside a default judgment. Rule 55(c) provides:

> **Setting aside default judgment.**—For *good cause shown* the court may set aside an *entry of default* and, *if a judgment by default* has been entered, may likewise set *it* aside in accordance with Rule 60(b). [Emphasis added].

The parties have not cited any Idaho cases where the issue addressed on appeal was whether a trial court had erred or had abused its discretion in denying a motion to set aside the entry of default because it applied the Rule 60(b) requirements instead of a more lenient Rule 55(c) "good cause" standard. Similarly, our research has not revealed any Idaho cases dealing with this issue since the Idaho Rules of Civil Procedure became effective on January 1, 1975. The recent cases deal with the ancillary issue of whether the court below abused its discretion in denying or granting relief from a default judgment. There are earlier cases which have addressed the issue now before us, however, their relevance is questionable because they generally applied different statutory language. *See, e.g., Pittock v. Pittock, supra.*

A recent case before the Idaho Supreme Court presented a question similar to that before this Court. *Clear Springs Trout Co. v. Anthony,* 123 Idaho 141, 845 P.2d 559 (1992). In *Clear Springs Trout Co.,* the issue presented by the parties was whether the court had abused its discretion by denying a motion to set aside a default judgment. However, an examination of the appellate record in that case reveals that despite the title of the motion filed below, "Motion to Set Aside Default and Judgment," no judgment had been entered. The motion could only have been directed towards the "Order Directing Entry of Default." Nevertheless, the parties argued the motion below, and the propriety of its denial on appeal, as a motion to set aside a default judgment. We do not feel bound by the analysis in *Clear Springs Trout Co.* because the issue presented to us was not presented to the Supreme Court in that case.

■ "Under Rule 55, I.R.C.P., entry of default by the clerk and entry of judgment by default by the district court [or the clerk in certain circumstances] are two distinctly different acts." *Olson v. Kirkham,* 111 Idaho 34, 36, 720 P.2d 217, 219 (1986). Curtis' argument that Rule 55(c) sets forth two different standards has merit. The wording of the rule requires only "good cause" to set aside an entry of default, while requiring satisfaction of the Rule 60(b) requirements to set aside a default judgment. The language of Rule 60(b) also supports Curtis' argument. Rule 60(b) provides in part: "[t]he court may relieve a party or his legal representative from a *final* judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect...." (Emphasis added.) The clerk's entry of default is not a final judgment or order, unlike the default judgment. *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir.1989) (citing *Phillips v. Weiner,* 103 F.R.D. 177, 179 (D.Me.1984)).

In addition to the wording of the rules which indicate different standards, other courts have held that the required showing to set aside a default is lower or more lenient than that required to set aside a default judgment. *See generally* 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §§ 2681–2702 (1983). A more lenient approach in these cases is consistent with the application of the policy that cases should be decided on their merits. *Coon v. Grenier*, 867 F.2d at 76. Also, at the earlier stage of entry of default where no judgment has been proven, a liberal approach is less likely to create unfair prejudice to the non-moving party or disrupt the court's calendar. *Id.* The courts which have held that the Rule 55(c) "good cause" standard is more lenient than the Rule 60(b) standards have set forth several factors to consider. The primary considerations are whether the default was willful, whether setting aside the default would prejudice the opponent, and whether a meritorious defense has been presented. *See Traguth v. Zuck*, 710 F.2d 90 (2d Cir. 1983) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981)); *Cribb v. Matlock Communications, Inc., supra. See also Sealed Unit Parts Co. v. Alpha Gamma Chapter, supra* (moving party must show some excuse for failure to answer, that a meritorious defense exists, and the policy of deciding cases on their merits should be recognized by lower court). We note, however, there exists authority for the position implicitly argued by McFarland, namely, that the good cause standard in Rule 55(c) coincides with that for setting aside a default judgment under Rule 60(b). *See DeHoney v. Hernandez, supra.*

■ While we hold that the district court did not abuse its discretion by deciding to deny the motion because of the failure to show a meritorious defense, we note that the court did not fully address the grounds applicable to determining a motion to set aside the entry of a default. The court's decision not to address whether "reasonable grounds" existed to set aside the default similarly did not constitute an abuse of discretion. However, we find Curtis' argument, that a more lenient threshold need be met in an entry of default case than in those cases where the issue is a motion to set aside a default judgment, to be persuasive. From the court's written order denying the motion, it is unclear whether the court would have applied the more stringent Rule 60(b) standards or the more relaxed "good cause" criteria, but this omission is not fatal to the motion's denial. We note that our discussion above regarding the applicable standards constituting "good cause" for setting aside a default is dicta, as we hold that the court did not err in concluding that Curtis failed to present a meritorious defense. In absence of a showing of a meritorious defense, we conclude that Curtis did not establish "good cause" for setting aside the default. In deciding not to grant Curtis' motion for relief from the default, the district court properly exercised its discretion consistently with legal standards applicable to the specific choices available to the court in a reasoned decision. *Sun Valley Shopping Center, Inc. v. Idaho Power Company*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Accordingly, we affirm.

■ McFarland contends that she is entitled to attorney fees on appeal pursuant to I.C. § 12–121 because Curtis' appeal is frivolous. The appeal is not frivolous or unreasonable in light of the lack of authority regarding the standards an Idaho court should apply in deciding a motion to set aside the entry of default under I.R.C.P. 55(c). We uphold the court's denial of Curtis' motion to set aside the default, and we affirm the default judgment. We award no attorney fees on appeal, but award McFarland costs. I.A.R. 40.

WALTERS, C.J., and SMITH, J. Pro Tem., concur.