100 P.3d 621

Shelley A. McGLOON, individually and in her capacity as guardian and natural parent of Sean McGloon, a minor, and Ryan McGloon, a minor; and John McGloon, Plaintiffs–Respondents,

v.

Stefani Michelle GWYNN, Defendant–Appellant.

No. 29450.

Supreme Court of Idaho, Boise, February 2004 Term.

Oct. 25, 2004.

Elam & Burke, P.A., Boise, for appellant. Joshua S. Evett argued.

Sherer & Wynkoop, LLP, Meridian, for respondents. Stephen T. Sherer argued.

## SUBSTITUTE OPINION

## THE COURT'S PRIOR OPINION DATED MAY 19, 2004 IS HEREBY WITHDRAWN.

TROUT, Justice.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 1999, Stefani Gwynn (Gwynn) rear-ended a car being driven by Shelley McGloon. The accident involved Shelley McGloon and her two sons, Sean and Ryan (the McGloons). Thereafter, on November 19, 2001, the McGloons filed a complaint which alleged negligence on Gwynn's part, among other allegations, and sought damages resulting from the accident.

The McGloons' counsel attempted to personally serve process on Gwynn but was not able to locate her, nor was he able to locate an address at which she could be served. Unable to effectuate personal service of process, the McGloons filed a motion with the district court to permit service by publication. The district court granted a ninety-day extension of time for service of the summons by publication in a newspaper of general circulation in Ada County, Idaho, for three consecutive weeks. At the end of the three-week period, pursuant to the McGloons' application for default accompanied by a proof of publication, the district court entered default against Gwynn by order dated July 16, 2002.

Six days later, the law firm of Elam & Burke filed a "Notice of Special Appearance" stating they were the "attorneys of record for Defendant Stefani Michelle Gwynn in this action." The Notice also specified that "[t]his appearance is made solely and exclusively for the purpose of challenging the sufficiency of process and personal jurisdiction." Filed contemporaneously with the Notice of Special Appearance, was a motion to set aside the default pursuant to Idaho Rules of Civil Procedure 55(c) and 60(b), and a motion to dismiss pursuant to I.R.C.P. 12(b)(2), (4), and (5). The motion to set aside the default reiterated the statement from the Notice of Special Appearance that Elam & Burke was appearing on behalf of Gwynn "in this action for the purpose of contesting the sufficiency of service and [did] not consent to" the district court's jurisdiction.

On August 8, 2002, counsel for the McGloons and Elam & Burke, acting on behalf of Gwynn, stipulated and agreed to set aside the district court's July 16, 2002, default.

On September 11, 2002, the McGloons moved for a second order extending time for service by re-publication, supported by the affidavit of the McGloons' counsel. The district court entered an Order extending time for service of the summons by re-publication in a newspaper of general circulation in Ada County, Idaho, for four consecutive weeks. On November 12, 2002, the McGloons filed proof of publication showing publication in

*The Idaho Statesman* for a period of four weeks. Thereafter, on December 18, 2002, the district court signed an Order for entry of a second default against Gwynn.

Two days later, Elam & Burke filed a motion to set aside the second default pursuant to I.R.C.P. 55(c). This motion again stated that, consistent with the "Notice of Special Appearance, filed on July 22, 2002," Elam & Burke's appearance on behalf of Gwynn in the action was being made "for the purpose of contesting the sufficiency of service of process" and not to consent to the jurisdiction of the court. After a hearing, the district court denied the motion. Thereafter, Elam & Burke filed a "Notice of Appearance and a Demand for a Jury Trial" in which they stated they were entering an appearance as the attorney of record for Gwynn.

On February 10, 2003, the McGloons' counsel filed a certificate of service showing he had served Gwynn's counsel with a three-day notice of intent to obtain a judgment by default at a hearing on March 5, 2003. Elam & Burke filed an objection to the hearing.

At the March 5 hearing at which Gwynn's counsel appeared and asked to be heard and to be permitted to cross-examine witnesses, the district court refused to allow Gwynn's counsel to be heard because default had been entered against Gwynn. The district judge then considered the evidence presented solely by the McGloons and then entered a monetary judgment against Gwynn. Gwynn appeals to this Court.

## II.

### STANDARD OF REVIEW

 On appeal, this Court exercises free review over questions of law. *Magnuson v. City of Coeur D'Alene*, 138 Idaho 166, 169, 59 P.3d 971, 974 (2002). A trial court's denial of a motion to set aside an entry of default will not be reversed on appeal unless an abuse of discretion clearly appears. *McFarland v. Curtis*, 123 Idaho 931, 933, 854 P.2d 274, 276 (Ct.App.1993). The power of a trial court to grant or deny relief under Rule 55(c) is discretionary. *Clear Springs Trout Co. v. Anthony*, 123 Idaho 141, 143, 845 P.2d 559,

561 (1992). Where the trial court makes factual findings that are not clearly erroneous, applies correct criteria pursuant to I.R.C.P. 55(c) to those facts, and makes a logical conclusion, the court will have acted within its discretion. *McFarland*, 123 Idaho at 933, 854 P.2d at 276.

## III.

### THE DISTRICT COURT LACKED PERSONAL JURISDICTION OVER GWYNN

 In Idaho, a court may set aside a judgment by default in accordance with I.R.C.P. 60(b). I.R.C.P. 55(c). When a default judgment is predicated upon an erroneously entered default, the judgment is voidable. *Knight Ins., Inc. v. Knight*, 109 Idaho 56, 59, 704 P.2d 960, 963 (Ct.App.1985). For a judgment to be considered void under I.R.C.P. 60(b)(4), there generally must have been some jurisdictional defect in the court's authority to enter the judgment, because the court lacked either personal or subject matter jurisdiction. *Puphal v. Puphal*, 105 Idaho 302, 306, 669 P.2d 191, 195 (1983). Additionally, a judgment is void when a court's action amounts to a plain usurpation of power constituting a violation of due process. *Dragotoiu v. Dragotoiu*, 133 Idaho 644, 647, 991 P.2d 369, 372 (1998). The right to procedural due process guaranteed under both the Idaho and United States Constitutions requires that a person involved in the judicial process be given meaningful notice and a meaningful opportunity to be heard. 133 Idaho at 648, 991 P.2d at 373.

#### A. Special appearance

 Gwynn argues the default entered by the district judge is void because the McGloons' counsel violated Gwynn's procedural due process rights as provided by I.R.C.P. 5(a) when he failed to serve all papers filed in this action on Elam & Burke after they "specially appeared on Ms. Gwynn's behalf on July 22, 2002."

Idaho Rule of Civil Procedure 5(a) provides that:

Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, brief and memorandum of law, and similar paper shall be served upon each of the parties affected thereby, but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

Elam & Burke was not a party as described in I.R.C.P. 5(a) nor were they representing a party once the purpose of their "special appearance" to have the first default set aside was accomplished. I.R.C.P. 4(i), as it existed prior to July 1, 2004, provided that the filing of a motion under Rule 12(b)(2), (4) or (5) did not constitute a voluntary appearance by the party filing the motion.[1] Here, Elam & Burke filed a special appearance challenging the court's personal jurisdiction over their client, Gwynn. They were successful in having the default set aside; in effect the case was back at the beginning with the McGloons required to start over with service of process. Elam & Burke cannot now argue that they continued to appear in the case for purposes of receiving service of process when they had made it clear they were only in the case to contest jurisdiction. As such, they were not entitled to nor required to receive service of process on behalf of Gwynn, the party to the action. Furthermore, they readily acknowledged at the hearing to set aside the second default that they were not authorized to receive service of process for Gwynn. Thus, there was no due process violation in the McGloons' failure to send notice of their intent to enter the second default against Gwynn to Elam & Burke.

## B. Service of process

■ Gwynn also argues on appeal that the district court erred in failing to set aside the second default because the McGloons did not mail copies of the summons and complaint to Gwynn at the last known address most likely to give notice to her. We agree with Gwynn that the McGloons' failure to comply with the rules of civil procedure in effecting personal service by publication require that any default entered as a result be set aside.

■ Service of process is the due process procedure that vests a court with jurisdiction over a person, with the power to require such person to comply with the court's orders. The United States Supreme Court has indicated that due process in this context is:

> notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. (citations omitted). The notice must be of such nature as reasonably to convey the required information . . ., and it must afford a reasonable time for those interested to make their appearance. (citations omitted).

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). The *Mullane* court also made constructive comments on the sufficiency of service by publication alone. It stated at 339 U.S. 315, 70 S.Ct. 658, 94 L.Ed. 874 that:

> It would be idle to pretend that publication alone as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the infor-

---

1. Rule 4(i) was amended effective July 1, 2004, and now clarifies that there may be either a special or a general appearance entered, depending upon the motion or pleadings filed.

mation will never reach him are large indeed.

In order to provide a method of constructive service that meets the due process requirements of notice, this Court has adopted I.R.C.P. 4(e)(1) which provides in pertinent part:

> Whenever the summons, notice or order is served by publication it shall contain in general terms a statement of the nature of the grounds of the claim, and copies of the summons and complaint **shall be mailed** to the last known address most likely to give notice to the party. (Emphasis added).

In resolving a constitutional challenge to personal jurisdiction based upon constructive service and with deference to *Mullane, supra,* this Court in *Evans v. Galloway,* 108 Idaho 711, 713, 701 P.2d 659, 661 (1985) held:

> that, for persons engaged in actionable conduct who subsequently move leaving no forwarding address by which their whereabouts may be determined, service of summons by publication in a newspaper of general circulation in the area, and a mailing of copies of the summons and complaint to that party's last known address is reasonably calculated under all the circumstances to apprise that party of the pendency of an action.

Though the McGloons assert they were unable to find any address at which to mail a copy of the summons and complaint, this conclusion is contrary to the statement by the McGloons' counsel in his first application for default filed on July 8, 2002 that:

> The last known address of the Defendant (Gwynn) against whom default is sought was 326 W. Idaho Ave., Apt. A., Meridian, Idaho 83642.

This statement appears to have been made in compliance with I.R.C.P. 55(b)(1) which provides in part:

> Any application for a default judgment must contain written certification of the name of the party against whom judgment is requested and the address most

likely to give the defendant notice of such default judgment, and the clerk shall use such address in giving such party notice of judgment.

This address, which was certified as most likely to give notice of any default judgment, surely should be the address most likely to give notice of the pending suit for purposes of acquiring jurisdiction of the person pursuant to I.R.C.P. 4(e)(1). Nevertheless, the McGloons failed to mail copies of the summons and complaint to Gwynn.

As discussed previously, the McGloons were not required to send copies of the summons and complaint to Elam & Burke nor could they have done so to properly effectuate service. While it appears from the record that Elam & Burke were aware of Gwynn's whereabouts and refused to disclose it to the McGloons, that uncooperative behavior does not excuse the McGloons from fully complying with the Rules.

The McGloons also argue that they had investigated Gwynn's last known address and had concluded she no longer lived there and mailing pleadings to that address would have been to no avail. Nevertheless, the requirement of mailing is there for a reason and we have no way of knowing whether a mailing there might have been forwarded to Gwynn or might somehow have come to her attention. Instead, McGloons made no effort to comply with the requirement[2] and chose not to mail copies to anyone.

## IV. CONCLUSION

We vacate the entry of the second default by the district court for lack of jurisdiction, and remand this case for further proceedings consistent with this opinion. We award costs on appeal to Gwynn.

Chief Justice SCHROEDER, Justice BURDICK and Justice Pro Tem JUDD concur.

---

**2.** McGloons made no attempt to comply with the mailing requirement on either of the publica- tions.

Justice KIDWELL dissenting.

I respectfully dissent from the Court's conclusion that I.R.C.P. 4(e)(1) was violated.

Idaho Rule of Civil Procedure 4(e)(1) provides in relevant part that whenever the summons is served by publication, "copies of the summons and complaint shall be mailed to the last known address *most likely to give notice to the party.*" I.R.C.P. 4(e)(1) (emphasis added). As the record shows, there was no address "most likely to give notice to" Gwynn. The McGloons' agent personally visited Gwynn's former landlord, her former place of employment, and contacted her parents, all without obtaining an address likely to provide notice to Gwynn. With no mailing address, the best the McGloons could do in notifying Gwynn of the action was to substantially comply with the rule by publishing the Notice for the requisite amount of time, which they did. *Mills v. Smiley,* 9 Idaho 317, 76 P. 783 (1903); *McKnight v. Grant,* 13 Idaho 629, 92 P. 989 (1907) (substantial compliance with rule is all that is required)(decision under prior rule).

The reluctance of this Court to embrace substantial compliance in factual situations such as presented here should be re-visited.